WILLS—CONSTRUCTION—SURVIVORSHIP—REPRESENTATION.

> Testator in the first clause of his will bequeathed to his wife the interest on a mortgage during her life, and provided that at her death the principal sum of the mortgage should be equally divided between his "sons or their heirs share and share alike." In the second clause of the will he gave to his sons by name "or their heirs" the residue of the estate in equal shares. *Held*, that since, under Statute of Wills (2 Rev. St. [1st Ed.] pt. 2, c. 6, tit. 1) § 52, providing that where property shall be bequeathed to a child of the testator, and the legatee shall die during testator's lifetime, leaving a child, the property bequeathed shall vest in the surviving child, the children of testator's sons who died in his lifetime would share in the residue, the same rule should apply to the bequest in the first clause, the word "sons," as used therein, not meaning the sons who would survive testator, but the sons who were named in the second clause of the will, and the children of sons who died in the lifetime of the testator were entitled to a share in the bequest.

> [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 1164.]

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the account of Mary Etta Depeirris, administratrix, with the will annexed of John G. Smith, deceased. From so much of the decree as construes a clause in the will of testator to be a bequest to his sons individually rather than as a class, Percival S. Jones, as executor of the will of Jane G. Smith, appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Henry J. McCormick, for appellant.

Warren Leslie, for respondent assignee.

Ferdinand E. M. Bullowa, for respondent administratrix.

LAUGHLIN, J. The testator by the first clause of his will bequeathed to his wife the interest on a certain mortgage for $25,000 during her life in lieu of dower, and provided that "at her death the said principal sum of $25,000 to be equally divided between my sons or their heirs share and share alike." At the time of making the will the testator had four sons living, only two of whom survived him. The sons who predeceased the testator left issue. The question is whether the bequest of this mortgage was to the sons as a class so that the two who survived their father took, or whether it was the intention of the testator to devise it to the four sons living at the time he made the will, so that the issue of the deceased sons would take their parent's share. It is important to note that concerning the heirs of the sons he uses the disjunctive which implies a substitution of the heirs for a deceased son. He directs that upon the death of his wife the principal of the mortgage be divided equally between "my sons or their heirs." He anticipated that one or more of his sons might die prior to the division, at least; and the question is, did he not anticipate that this might happen before his own death,

and intend that, in either event, the heirs of the deceased son should take the share intended for the parent? Light is shed on the true construction of the will by the second clause in which he names his four sons, and devises and bequeathes to them "or their heirs" the rest, residue, and remainder of his property in equal shares. It is not questioned but that the issue of the deceased sons take their parent's share in the remainder here bequeathed and such is and would be, even if the word heirs was not used, the construction required by section 52 of the statute of wills (2 Rev. St. [1st Ed.] pt. 2, c. 6, tit. 1), which provides that:

"Whenever any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendants who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendants of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate."

The testator is presumed to have known the law. Presumably, therefore, he knew that if any of his own children should die during his own lifetime leaving issue, such issue would share in the remainder. Now did he intend a different rule with respect to the principal of the mortgage? There is nothing to indicate that he did. The failure to name his children in the first clause when he intended to name them in the second, and knew that they were named in the second, is not evidence of such intention. On the contrary, we think it quite clear that by the designation "sons" in the first clause of the will he did not mean such sons as would survive him, but he meant his sons then living, who were named in the second clause of the will.

It follows, therefore, that the learned surrogate properly construed the will, and the decree should be affirmed, with separate bills of costs to the respondents appearing separately, payable by the appellant. All concur.