# Kunkel et al., Appellants, *v.* Kunkel.

*Wills—Legacies—Payment—Mistakes of fact and law—Advice of counsel—Payment of lapsed legacy—Recovery back—Payee not harmed by spending it—Evidence—Presumption— Rebuttal — Executors—Suffering loss—No record of surcharge.*

1. Money paid under a mistake of fact to one who is not entitled thereto, may be recovered back.

2. Negligence in making a mistake of fact does not deprive a party of his remedy on account thereof; it is the fact that one by mistake unintentionally pays money to another to which the latter is not entitled from the former, that gives the right of action.

3. The mere omission to take advantage of means of knowledge within the reach of the party paying money under a mistake of facts, does not prevent a recovery.

4. That defendant had spent the money prior to the demand for its return, is no defense; it does not amount to an alteration of his legal position, as he is presumed to have the benefit therefrom.

5. It seems that a gift of it to his mother, for whose support he had a contingent legal liability, does not represent a loss to him, which bars a recovery.

6. A testator, who had no lineal descendants, bequeathed to a brother a sum of money "if living at the time of my death." The brother died in the lifetime of testator, leaving a son. Subsequently, one of the executors, a trust company, wrote to its counsel, saying that its coexecutor desired to pay the legacy to the son of the legatee, and that it would do so if counsel deemed that course proper. Counsel replied, acknowledging receipt of copy of will, and stating that "any devise or legacy in favor of a brother or sister of a testator who died before the latter, in case he leaves no lineal descendants, goes to the surviving brother or sister, unless the will directs otherwise. Under these circumstances, as testator left no children, and as the legatee left but one child, the legacy will be payable to the latter." On receipt of the letter the trust

company, without making any inspection or examination of the will, paid the legacy to the son of the legatee. *Held,* (1) that, as the brother died in the lifetime of the testator, and as the will stipulated that the legatee must be living at the time of testator's decease, the legacy lapsed; (2) the payment was made under a mistake of fact, and could be recovered from the person to whom it was paid; (3) the fact that the payee had spent the money, or had set the fund aside for the benefit of his mother, could not relieve him from repayment.

7. In such case, the only basis for a claim that the payment was made under a mistake of law, is that it must be presumed counsel read the will and pronounced his legal view as to its proper construction, although the written opinion furnishes convincing evidence to the contrary. There is no such presumption; but, if there were, to afford it the effect claimed, would give greater weight to that which, at the most, could be only evidence of a possible fact, than to what the document in question shows to be the fact itself, in violation of the rule that a presumption always gives way to a matter of fact when the latter is shown.

8. In an action by executors to recover the amount of a legacy paid by mistake of fact to a person not entitled to it, defendant can not set up as a defense that plaintiffs were not named as executors, and that, as they had not been surcharged for the amount of the payment, they suffered no loss, if there is nothing on the record to show whether or not they had been surcharged.

*Practice, Supreme Court—Question not raised below.*

9. The Supreme Court will not consider a matter of defense which was not raised below.

Mr. Chief Justice BROWN filed a dissenting opinion.

Argued March 8, 1920. Appeal, No. 71, Oct. T., 1919, by plaintiffs, from judgment of C. P. Allegheny Co., Jan. T., 1914, No. 1558, on verdict for defendant, in case of Almeda C. Kunkel and Fidelity Trust Company v. William B. Kunkel. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Assumpsit to recover the sum of $5,000, alleged to have been paid under a mistake of fact. Before CARPENTER, J.

At the trial the court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) in refusing binding instructions for plaintiff, (2) in giving binding instructions for defendant, (3) in refusing plaintiff's motion for judgment n. o. v., (4) as stated in opinion of Supreme Court.

*Maurice B. Saul,* of *Prichard, Saul, Bayard & Evans,* and *Allen H. Kerr,* of *Reed, Smith, Shaw & Beal,* for appellants.—Money paid under a mistake of fact to one who is not entitled thereto, may be recovered back: Girard Trust Co. v. Harrington, 23 Pa. Superior Ct. 615; Edgar v. Shields, 1 Grant 361; Union Trust Co. of N. Y. v. Gilpin, 235 Pa. 524; Bomgardner v. Blatt, 35 Pa. Superior Ct. 361; Phila. Co. v. Long, 38 Pa. C. C. R. 76.

The mistake upon which this case is based is a mistake of fact.

The mistake of law, if any, was only collateral to the direct act and does not bar recovery: Gross v. Leber, 47 Pa. 520; Union Trust Co. of N. Y. v. Gilpin, 235 Pa. 524.

*George H. Rankin,* for appellee, cited: Real Est. Savings Institute v. Linder, 74 Pa. 371; Rankin v. Mortimer, 7 Watts 372; McAninch v. Laughlin, 13 Pa. 371; Norris v. Crowe, 206 Pa. 438; Lancaster v. Flowers, 208 Pa. 199; Gould v. McFall, 118 Pa. 455; Bobst v. Gring, 32 Pa. Superior Ct. 541; Donner, Childs & Woods v. Sackett, 251 Pa. 524; Clark v. Lehigh & W.-B. Coal Co., 250 Pa. 304; Boas v. Updegrove, 5 Pa. 516.

OPINION BY MR. JUSTICE MOSCHZISKER, April 12, 1920:
Plaintiffs sued in assumpsit to recover $5,000 alleged

to have been paid defendant under mistake of fact; in accordance with binding instructions, a verdict was rendered for defendant, and plaintiffs have appealed from judgment thereon.

B. S. Kunkel died October 1, 1911, testate, without lineal descendants; by his will, dated 1908 and republished by codicil in 1911, he provided, inter alia, "I give to each of my brothers, Wm. F. Kunkel and Charles H. Kunkel, if living at the time of my decease, the sum of five thousand dollars"; the present plaintiffs were appointed executors.

William F. Kunkel died March 5, 1910, leaving an only child, William B. Kunkel, the present defendant, to whom plaintiffs paid the $5,000 which would have belonged to his father had he survived testator; this was done under circumstances we shall briefly relate.

The trust company executor wrote John G. Johnson, Esq., who represented the estate, saying its coexecutor desired to pay the legacy in question to William B. Kunkel, and it would do so if counsel deem that course proper. Mr. Johnson replied, acknowledging a copy of the will and stating: "Any devise or legacy in favor of a brother or sister of a testator who dies before the latter, in case he leaves no lineal descendants, goes to the surviving issue of the dead brother or sister, unless the will directs otherwise."

The vice-president of the trust company, who had the matter in charge and had corresponded with Mr. Johnson, upon receipt of his letter, without making any "inspection or examination of the will," paid the legacy to defendant; subsequently counsel advised plaintiffs this was a mistake, since William B. Kunkel's father had not survived testator. The present suit followed the refusal of a demand for repayment.

The Act of July 12, 1897, P. L. 256, provides that any devise or legacy in favor of a brother or sister, when a testator leaves no lineal descendants, "shall not be

deemed or held to lapse" by reason of the decease of the devisee or legatee in the lifetime of the testator, if the former leaves issue surviving the latter, "saving always to every testator the right to direct otherwise."

That the present testator did "direct otherwise" is apparent, for he expressly provides that, in order to take, the legatees must be living at the time of his decease; in other words, that the legacies, respectively, shall lapse if either of the brothers predeceases him. This is the plain meaning of the will, leaving no possible room for legal construction to the contrary; and, when the letter from counsel is read attentively, it is clear he advised on the law as we have stated it.

True, immediately after his correct legal advice, Mr. Johnson adds: "Under these circumstances, as Benjamin S. Kunkel left no children, and as William F. Kunkel left but one child, the legacy will be payable to the latter"; but he evidently assumed, as a matter of fact, that Benjamin S. Kunkel's will did not "direct otherwise," and the fourth assignment of error complains because plaintiffs were refused permission to show that, at the time the letter was dictated, the writer thereof "did not have before him the will of Benjamin S. Kunkel and did not look at the will or know that the legacy was conditional." We see no necessity for ruling on this assignment, however, for, as already said, it is apparent Mr. Johnson made no mistake of law; his mistake was a misapprehension of the facts (referred to in his letter as "circumstances") to which the law, as he correctly stated it, was to be applied. The phrase "under these circumstances," which Mr. Johnson uses, to square with his preceding statement of law and subsequent advice as to payment, can refer only (since he mentions no circumstances concerning the provisions of the will) to an assumed set of circumstances, or facts— in regard to testator's expressed wishes—which he plainly misapprehended.

The sole basis for the claim that the payment was made under a mistake of law, is that it must be presumed Mr. Johnson read the will and pronounced his legal view as to its proper construction; though as we have said, his written opinion furnishes convincing evidence to the contrary. There is no such presumption; but, if there were, to afford it the effect claimed would give greater weight to that which, at the most, could be only evidence of a possible fact, than to what the document in question shows to be the fact itself, in violation of the rule that a presumption always gives way to a matter of fact when the latter is shown.

The remaining assignments of error, in one form or another, question the propriety of the binding instructions and judgment for defendant; they bring us to a consideration of the real point in the case, namely, whether the money was actually paid under mistake of law or fact. As to this, it is apparent the mistake was made by thinking, and acting upon the hypothesis, that the will did not provide against a lapse in case of death of the legatee in the lifetime of testator, whereas the fact is directly to the contrary. This of course, presents a mistake of fact; and the opinion of the court below, dismissing plaintiff's motion for judgment n. o. v., does not rule otherwise. It is there said: "The facts are not in dispute" and, "The letter [of Mr. Johnson] states a recognized rule of law," but the opinion goes on to announce, as a general principle, that a "mistake of fact cannot be pleaded successfully where all the parties concerned knew or had means of ascertaining the facts"; and, acting on this theory, the learned trial judge concludes by saying, "We are unable to discover any fact warranting the entry of judgment in favor of plaintiffs."

The view of the court below is not in accord with the established law of this State. In Union Trust Co. of N. Y. v. Gilpin, 235 Pa. 524, we adopt, and affirm, per curiam, the opinion of Judge NEWCOMB. There, as here, on a mistaken assumption of fact, the amount of a legacy was

paid to one not entitled thereto, although (again as here), the will disclosing the real facts of the case, was always at hand. Recovery was allowed on the theory that the mistake was one of fact, arising through carelessness in reading the will. While this issue was submitted to the jury, the court states (p. 529) : "Undoubtedly their conclusion was correct—no one could read the will attentively without being forcibly impressed...... that a blunder had been made......; the final answer here was not only consistent with the evidence, but it is not apparent how there could have been any escape from it." In other words, the point as to the character of the mistake might have been ruled as a matter of law; and the circumstance that plaintiff had ready and ample means of information, which, if taken advantage of, would have avoided the wrong payment, was not sufficient to prevent recovery.

Again, our Superior Court, by a well considered opinion, in Girard Trust Co. v. Harrington, 23 Pa. Superior Ct. 615, 620, also ruled that the circumstance of the person who made the payment of money under mistake of fact, failing "to take advantage of the means of knowledge within his reach......is not sufficient to disentitle him to recover it back," citing Mr. Justice TRUNKEY in Meredith v. Haines, 14 W. C. N. 364, 366, to this effect: "Money paid by the plaintiff to the defendant, under a bona fide forgetfulness of facts which disentitled the defendant to receive it, may be recovered back; it is not sufficient to prevent a party from recovering money paid by him under a mistake of fact, that he had the means of knowledge of the fact, unless he paid it intentionally, not choosing to investigate the facts (Kelly v. Solari, 9 M. & W. 54). That was a case where the directors of a life insurance company had been informed the policy was forfeited in the lifetime of the insured, and, after his death, having forgotten the fact, paid the money on demand of the administratrix......Negligence in making a mistake does not deprive a party of his remedy on

account thereof; it is the fact that one by mistake un-intentionally pays money to another to which the latter is not entitled from the former, that gives the right of action: Lawrence v. American National Bank, 54 N. Y. 432."

In McKibben et al. v. Doyle, 173 Pa. 579, 581, we say: "The mere omission to take advantage of means of knowledge within the reach of the party paying [money under mistake of fact] does not prevent a recovery."

It is stated in 22 A. & E. Ency. of Law, 624, "Where money is paid under mistake of fact, it is no defense to an action for its recovery that the mistake arose through the payer's negligence, if such negligence caused no harm to payee"; but defendant contends that, since he had parted with the $5,000 prior to a demand for its return, the negligence of plaintiffs, in paying the money, has caused him such harm as to estop them from recovery. This contention has no merit. Union Trust Co. v. Gilpin, supra, (p. 527), shows an offer to prove defendant had "meantime spent the money so that repayment would now be a hardship," and it was held immaterial, the court saying (p. 529): "There is neither reason nor authority to support the theory that the mere fact of the money having been spent amounts to an alteration of defendant's legal position." We see no reason here for departing from that position; if defendant spent the money, presumably he has either the things which it purchased or the benefit therefrom; or, if, as intimated in a refused offer of proof, he set the fund aside for the benefit of, or gave it to, his mother (for whose support he had a contingent legal liability), this cannot fairly be said to represent a loss to him, which bars plaintiffs. In brief, while no doubt there was negligence connected with the payment, and Mr. Johnson's letter may have misled the trust company into its carelessness, yet there is no evidence the legacy was intentionally paid without regard to, or waiving the controlling facts. Plaintiffs derived no benefit from the transaction, and no facts

appear which, in equity and good conscience, either entitle defendant to retain the money or estop plaintiffs from recovery; the court below erred in ruling otherwise.

Appellee attempts to invoke another matter of defense by raising the objection that plaintiffs are not formally named in the record as executors, and, since there has been no surcharge of the $5,000, they have not suffered a loss and cannot recover. As to this, it is sufficient to say the record does not show whether or not plaintiffs have been surcharged; and, finally, no such defense as here attempted having been raised in the affidavit of defense, or, so far as the record indicates, at trial, it will not be considered by us.

We have examined all the authorities cited—upon what constitutes mistakes of law and fact—and find none of them in conflict with our present decision that this case presents a mistake of fact.

The first three assignments of error are sustained; the judgment is reversed and the record is remitted to the court below with directions to forthwith enter judgment for plaintiffs.

DISSENTING OPINION BY MR. CHIEF JUSTICE BROWN:

The appellants admittedly made a mispayment to the appellee. The court below held that they could not recover it back, because it had been made under a mistake of law. A majority of this court held that the payment was made under a mistake of fact, and, therefore, can be recovered back. I am unable to understand how it is possible to say that the payment was made under a mistake of fact. No facts in the case are in dispute, and it conclusively appears from the testimony submitted by the plaintiffs themselves that at the time they made the payment they were not mistaken as to any fact in connection with it. By the will of the testator the sum of $5,000 was given to his brother, William F. Kunkel, if living at the time of his death. The brother died before

him, leaving the appellee as his only child, to whom the appellants paid the sum of $5,000, which would have gone as a legacy to his father if he had survived the testator. There was no mistake as to any of the facts at the time the payment was made, for there was no question as to them; but there was, however, a legal question involved, and that was the right of the appellee to receive, under the will of his uncle, the sum which the executors paid him. They could pay it to him only if the will authorized them to pay it, and this involved the construction of that instrument, which admittedly was purely a matter of law. A copy of it was sent to Mr. Johnson, who acknowledged its receipt, and, with it evidently before him, he advised the executors that they could pay the appellee. This was a legal misconstruction of the testator's will, of course inadvertently made, but nevertheless it was a mistake of the law applicable to the provisions of the will under the undisputed facts in the case, the material one being that William F. Kunkel had died before the testator, and, as a matter of law, the legacy to him had lapsed. Even good Homer sometimes nodded. If the payment was made under Mr. Johnson's advice, it was clearly made under a mistake of law; if it had been made without his advice, it would still have been under a mistake of law, for the executors had a copy of the will in their possession, and, as they are conclusively presumed to have had knowledge of its provisions, the construction of them, under the undisputed facts, involved only legal questions.

I cannot read any of the cases referred to in the opinion of the majority of the court as supporting their view, that the appellants are entitled to recover. A reference may be made to the first and principal one cited. In Union Trust Company of New York v. Gilpin, the construction of the will of the testator was not in question. The money paid by the plaintiffs was paid under a mistaken identity of a trustee, which was, of course, a mistake of fact, and on that ground alone a recovery was

sustained, the court below saying, what we approved, that "The payment was the result of a mistake on the part of some officer of the trust company in failing to note the identity of the trustee named in the first paragraph" of testator's will. This mistake was due to the similarity of the names of two corporate trustees named in the will.

I would dismiss the appeal and affirm the judgment.