In the Matter of the Estate of EPHRAIM H. MOTT, Deceased.

Surrogate's Court, Cayuga County, May 21, 1930.

*Frederick B. Wills*, for the petitioner.

*Clarence G. Parker*, for William Mott and others.

*Stuart R. Treat*, special guardian.

WOODIN, S. This is a proceeding for the judicial settlement of the accounts of the sole surviving executor of the above-named deceased. The decedent's will was admitted to probate in this

court June 28, 1929. The will is dated December 5, 1895, and at the time it was executed the decedent had seven brothers and sisters living. The dispositive portion of the will reads as follows:

" *Second*. I give to Edmund C. Mott one thousand dollars $1000.

" I give to Julia S. Hoyt, eight hundred dollars $800.

" I give to Marion Landphire, eight hundred dollars $800.

" I give the use of one thousand dollars to Abbie C. Peck and at her death then to Arthur L. Smith $1000. ·

" I give to Sabra Westfall, eight hundred dollars $800.

" I give eight hundred dollars to Ada Butler $800.

" I give to William M. Mott, eight hundred dollars $800.

" I give to Arthur L. Smith six hundred dollars $600.

" I give to Edith Smith two hundred dollars $200.

" I give to Alice Vanbenscoten one hundred dollars $100.

" After paying funeral expenses and putting up tombstones then the rest to be divided equally among my brothers and sisters."

The first seven of the above specified legatees were the brothers and sisters of the decedent. At the time of the decedent's death only three of the seven survived him, namely, William M. Mott, a brother, and Sabra A. Westfall and Ada Butler, sisters, the remaining four having predeceased the testator, each one leaving a descendant or descendants.

It is conceded that pursuant to the provisions of section 29 of the Decedent Estate Law (as amd. by Laws of 1912, chap. 384) the descendants of the deceased brother and sisters will take the general legacies given by the will to such deceased legatees. This section provides that a legacy to a child or a brother or sister of the decedent shall not lapse by reason of the death of the legatee during the lifetime of the testator, but shall pass to the descendants of such legatee. It is contended, however, that this section is not applicable where the gift is to a class, and that, since the residuary clause of this will directs that the residue of the estate be divided equally among the testator's brothers and sisters, only the survivors of that class living at the testator's death are entitled to take. It is urged that the residue in this case is bequeathed to a class and not to individuals, and that only those answering the description can participate. There is no doubt that this is the general rule if the class is composed of persons other than those specified in said section 29.

If the gift had been to nephews or nieces or cousins of the testator, without question only those answering that description at the testator's death would share in the bequest, assuming a contrary intent was not indicated in the will. It is contended by the special guardian, representing an infant descendant of one of the deceased

brothers, that section 29 of the Decedent Estate Law controls and that the descendants of those who died before the testator take their parents' shares, and it is further urged by him that the gift of the residue is not to a class but is a gift to the brothers and sisters as individuals, for the reason that the testator had already named his seven brothers and sisters in the preceding clause giving them their individual legacies, and that he necessarily had them in mind when he designated them as his brothers and sisters in the residuary clause, using those terms instead of attempting to rewrite the seven names.

There is considerable force to this, especially when the original will is examined. The will is on a printed form and the residuary clause is crowded in at the end. There would have been no room for the testator to write in the individual names of his brothers and sisters in this clause had he so desired.

It was held in *Matter of Depeirris* (110 App. Div. 421) that naming the members of a certain class in one portion of the will and referring to them by a general designation in another portion of the same instrument indicated that both gifts are to them as tenants in common. If the will is to be construed as indicating a gift of the residuary estate to the seven brothers and sisters as individuals, then without question section 29 controls and the issue of the deceased brothers and sisters will participate in the distribution.

If this interpretation is wrong and the residuary clause should be considered as a gift to a class, then the question arises as to whether section 29 applies, since the members of that class are brothers and sisters of the testator. The general rule is that unless otherwise directed by the will a general legacy lapses if the legatee predeceases the testator, except in cases otherwise provided for by statute.

Section 29, referred to, was originally enacted to prevent the lapsing of legacies to children or other descendants of the testator, and later it was amended to include legacies to brothers and sisters of the testator. In the absence of a contrary intent expressed in the will no question exists as to the right of the descendant of a child or of a brother or sister of the testator to take a general legacy given to said legatee by name where such legatee predeceases the testator, and such is the case even though such legatee was dead at the time the will was made (*Barnes* v. *Huson*, 60 Barb. 598), and it is conceded that the descendants of the brothers and sisters who died before the testator in this case would take the general legacies given to them in the will. But, as before stated, it is urged that because the gift of the residue to the brothers and sisters does not name them individually it must be construed as a

gift to a class and that only those answering that description at the testator's death can take and that section 29 does not apply.

Of course, in all cases the testator's intent as gathered from the whole will controls irrespective of the statute, but to render the statute inoperative a contrary intent on the part of the testator must be plainly indicated. The enactment of section 29 was not solely for the purpose of preventing intestacy because if that had been the intention the Legislature would have made the statute applicable to all legacies regardless of the relationship of the legatee. It is more likely that this statute was enacted to substitute descendants of a deceased child or brother or sister for the deceased legatee because experience has shown that through neglect or failure to anticipate the death of the primary legatee before his death the testator often failed to provide for such a contingency.

To put the question again, does section 29 apply only to persons embraced within its terms where those persons are given legacies as individuals and exclude those same persons from its operation when the legacy is given them as a class?

The case which comes closest to passing upon this point is *Pimel* v. *Betjemann* (183 N. Y. 194). In that case the question arose as to whether the statute would apply to a legacy given to a class where one of the class had died *prior* to the execution of the will leaving a descendant and enable this descendant to participate. It was decided by a divided court that in such a case the descendant of the one who had died prior to the making of the will could not participate, the decision being based upon the ground that one of the class being dead at the time of the making of the will showed an intent on the part of the testator to exclude his issue. The court lays much stress upon the point that the death of the members of the class, whose descendant claimed the right to participate under the statute, occurred *before* the making of the will. A reading of both the prevailing and dissenting opinions indicates that had the death of the member of the class occurred *after* the making of the will a different conclusion would have been reached by the court.

Judge CULLEN, in writing the prevailing opinion, says: " It seems to me, therefore, that the greater weight of authority is in favor of the proposition that bequest to a class does not include persons dying before the making of the will, who, had they *survived* till that time, would have fallen within the description given to the class, of course, in the absence of something in the will or surrounding circumstances to show a different intent. * * * So, also, there is a plain distinction between the death of a member of a class subsequent to the making of the will and a death prior to that time. In the first case it is both possible and probable, unless some

provision for the contingency is made in the will, that the testator did not anticipate its occurrence. In the latter, the occurrence is not contingent but has actually happened, and, therefore, the fact is necessarily present in the testator's mind, except in some exceptional case."

Judge VANN, in writing the dissenting opinion, concurred in by two other judges, says: "There would be no difficulty in this case if the plaintiff's mother had died *after* the will was made and during the lifetime of the testator." The dissenting opinion upholds the proposition that the descendant of the member of the class who was dead at the time of the making of the will should be allowed to participate under the statute (citing *Barnes* v. *Huson, supra,* where the grandchild of the testator was held entitled to the legacy given its father, even though the father was dead at the making of the will), and this same decision is referred to with approval in the prevailing opinion.

From the foregoing it is very clear that the members of the court were in agreement on the point that if the member of the class dies *after* the making of the will his issue will take under the statute in the absence of a contrary intent expressed in the will.

In the instant case there is nothing in the will to indicate that the testator intended that the issue of his deceased brothers and sisters should not take in the event of the death of any of them before his, and such being the case the statute should be read into the will so that it speaks as a part of that instrument.

My conclusion is that the descendants of the brothers and sisters who died in the lifetime of the testator after the making of the will participate in the distribution under the provisions of section 29 of the Decedent Estate Law.

A decree may be entered in accordance with the above on notice.