**DAVID RICHARD WILLIAMS, et al., v. AUGUSTUS R. WILLIAMS,** Executor, etc.

9 So. (2nd) 798                                    June Term, 1942
October 2, 1942                                    Division B

*Redfearn & Ferrell,* for appellants.

*Shutts, Bowen, Simmons, Prevatt* and *Julian,* for appellee.

THOMAS, J.:

A decision of this case necessitates the construction of a will in the light of the relevant provisions of Section 21, Florida Probate Law, Section 731.20, Florida Statutes, 1941. It is there stated "(1) . . . when any property is . . . bequeathed to . . . blood kindred of the testator, and such . . . legatee dies before the testator, leaving lineal descendants . . . who survive the testator, such legacy . . . does not lapse but such descendants take the property so given by the will in the same manner as the . . . legatee would have done had he survived the testator," and also "(2) If a legacy . . . is void or lapses, it shall become a part of the residuum and shall pass to the residuary legatee . . ., unless a contrary intent is expressed by the testator in his will."

In this case the testatrix directed her executor to pay to her son "if he survive me the sum of Four Thousand Dollars ($4,000.)." This legatee predeceased testatrix, leaving three children. It is the contention of the appellee that the legacy lapsed and became a part of the residuum of the estate while the appellants maintain the contrary view.

We are constrained to hold that the position of the former is correct. Under the law we have quoted the gift to the testatrix' son would have passed to his children, in the circumstances of his death prior to that of the testatrix, without the inclusion of the words "if he survive me" and it seems to us that that phraseology was not mere surplusage, but was used by the testatrix to impose a condition upon the vesting of the legacy. Kunkel v. Kunkel, 267 Pa. 163, 110 A. 73, 92 A.L.R. 857. See also Jarman on Wills, 6th Ed., Vol. 1, pg. 448. That it would be devoid of meaning, if the construction urged by the appellants should be adopted, is manifest when read in connection with another provision in the will, which we will quote. She left "To the children surviving me, of any child or children of mine who may have predeceased me (either before or after the date of this will) the sum of Five Hundred Dollars ($500.) each." Considering together this

stipulation and the one which we have already quoted we find that it was the intent of the testatrix to provide for the lapse of legacies to any children who should not survive her and that in their stead the grandchildren should be alloted the specific amount of five hundred dollars each.

We have noted the references in Section 731.20, supra, to the effect of the intention of the testator on the provisions, (1) terminating legacies to others than adopted children and kindred and, (2) placing in the residuum lapsed or void legacies. We have considered, too, the absence of any allusion in the law to the effect of the testator's intention on prevention of lapses where gifts are made to kindred and adopted children. This omission, nevertheless, is not important because, in the final analysis, it is the purpose of the testator gathered from the entire instrument which governs. Walker v. Walker, 283 Ill. 11, 118 N.E. 1014, 92 A.L.R. 847; In re Mott's Estate, 137 Misc. Rep. 99, 244 N.Y.S. 187, 92 A.L.R. 847. In the present case the testatrix provided in her will for the children of the son whom she had named as legatee, and whose death preceded hers. It would seem unjustified to hold the provision of survivorship meaningless and the surviving children entitled to benefits under both provisions of the will, that is, four thousand dollars which their parent would have received and five hundred dollars each because he did not live to accept it.

Because of the intention of the testatrix, as we understand it, and the provision of Section (2) of Chapter 731.20, supra, the legacy of four thousand dollars became a part of the residuary estate and each of the children of the deceased son was entitled to the sum of five hundred dollars.

The judgment of the circuit court is affirmed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.