IN THE MATTER OF THE ESTATE OF MARY ELIZABETH BARRETT, deceased; HARGER WELLS DODGE, JR., et al., v. HARRISON A. COOKE, et al., as Successor executors of the Estate of Mary Elizabeth Barrett, deceased, MARY COLE TANNER COOKE, et al, As Executors of the Estate of John Barrett, deceased.

33 So. (2nd) 159                                   June Term, 1947
January 6, 1948 .        .        .                      Division B
Rehearing denied Jan. 31, 1948.

*Hudson & Cason,* for appellants.

*Hyzer & Padgett,* for Harrison A. Cooke, et al., and *Austin & Edmunds,* for *Mary Cole Tanner Cooke,* appellees.

BUFORD, J.:

We have for determination the construction of the effect of certain language used in a will.

The involved clauses of the will were construed by the County Judge sitting in probate. From his judgment appeal was taken to the Circuit Court of Dade County where, by three to one decision, the judgment was reversed. The opinion and judgment of the Circuit Court as expressed by Judge Williams and concurred in by Judges Wiseheart and Carroll, is as follows:

"The 11th and 18th provisions of the last will and testament of Mary Elizabeth Barrett provided:

" 'I give and bequeath unto Chittenden County Trust Company, a banking corporation organized under the laws of the State of Vermont, the sum of Ten Thousand ($10,000.00) Dollars IN TRUST to pay the net income thereof only, when and as collected, to my cousin CHARLES W. DODGE of the City of Milwaukee, in the State of Wisconsin, if he should survive me, for and during the term of his natural life, and upon his decease to forthwith pay over the remainder to HARGER WELLS DODGE, son of Charles W. Dodge, absolutely, if he is living at his father's death; and if the said Harger Wells Dodge does not survive his father, then the remainder shall go and be paid over in the same manner as is hereinafter in Article Eighteenth provided to occur with respect to my Residuary Estate.'

" 'I direct that all the rest, residue, and remainder of my estate, real, personal and mixed, of whatsoever kind, and wheresoever situate, of which I may die seized or possessed, or in which or to which I may be entitled or have any interest, or over which I may have any power of appointment, including any lapsed, or adeemed legacies (herein called my 'Residuary Estate') shall be divided into three (3) equal shares. I give, devise and bequeath two (2) of such shares the same being two-thirds (2/3) of my said Residuary Estate, absolutely, to my husband John Barrett, and one (1) of said shares, the same being one-third (1/3) of my Residuary Estate, absolutely, to my grandniece, MARY COLE TANNER COOKE.

" 'In the event that Mary Cole Tanner Cooke shall not survive me, then the portion of my Residuary Estate which would otherwise go to her, I give, devise and bequeath to the surviving children of the said Mary Cole Tanner Cooke.

" 'If my said husband, John Barrett, does not survive me, or if he should die at the same time or under such circumstances that it shall be difficult to determine which of us died first, then I give, devise and bequeath the portion of my Residuary Estate which would otherwise go to my said husband, as follows: One-half (1/2) to my said grandniece, Mary Cole Tanner Cooke, if she be living, or in the event of her death,

to her surviving children, and one-half (1/2) to the heirs-at-law of my said husband, John Barrett.'

"She died June 7, 1937, Charles W. Dodge died April 14, 1935, Harger Wells Dodge died August 21, 1936. The County Judge held the legacy did not elapse because of the demise of Charles W. Dodge and Marger Wells Dodge but the remainder was accelerated on the death of Harger Wells Dodge and that the legacy should vest in the children of Harger Wells Dodge, who are Harger Wells Dodge, Jr., Edward W. Dodge, and Lucy Dodge Van Sickle.

"The cardinal rule in construing a will is to execute the plain intention of the testator. Lowrimore v. First Savings & Trust Co. of Tampa, 102 Fla. 740, 140 So. 891; Hooper v. Stokes, 107 Fla. 607, 145 So. 855.

"It seems clear the bequest was to vest in Charles W. Dodge after the death of Mrs. Barrett, and then after being vested with said bequest should he die then the legacy not consumed should vest in Harger Wells Dodge. Had Mrs. Barrett meant otherwise she would have said so in the will. The two Wells having predeceased Mrs. Barrett, the $10,000.00 intended for the trust should be made a part of the residuary estate."

In Williams v. Williams, 9 So. 2nd 798, 152 Fla. 255, the headnote notes, 152 Fla. 255 are:

" 'A legacy to testatrix's son " 'if he survive me' " indicated testatrix' intention to impose a condition upon vesting of the legacy, and, where son predeceased testatrix, the legacy lapsed and became part of the residuum of estate under the statute relating to lapsed legacies. St. 1941, Sec. 731.20.

" '2. A will, giving to testatrix' son 'if he survive me the sum of Four Thousand Dollars' and 'to the children, surviving me, of any child or children or mine who may have predeceased me . . . the sum of Five Hundred Dollars ($500.) each established testatrix's intention to provide for the lapse of legacies to any children who did not survive her, and, where son predeceased testatrix, the $4,000. became a part of the residuum of the estate and the son's three children were each entitled to $500. St. 1941, Sec. 731.20.

" '3. In construing a will, it is the purpose of the testator gathered from the entire instrument which governs.' "

This appeal (Williams v. Williams) was argued to Judge Barns, Williams and Holt. In 152 Fla. 256, Mr. Justice THOMAS says:

" 'THOMAS, J.:

" 'A decision of this case necessitates the construction of a will in the light of the relevant provisions of Section 21, Florida Probate Law, Section 731.20 Florida Statutes 1941. It is there stated '(1) . . . when any property is . . . bequeathed to . . . blood kindred of the testator, and such . . . legatee dies before the testator, leaving lineal descendents . . . who survive the testator, such legacy . . . does not lapse but such descendants take the property so given by the will in the same manner as the . . . legatee would have done had he survived the testator,' and also '(2) If a legacy . . . is void or lapses, it shall become a part of the residuum and shall pass to the residuary legatee . . . , unless a contrary intent is expressed by the testator in his will.'

" 'In this case the testatrix directed her executor to pay to her son 'if he survive me the sum of Four Thousand Dollars ($4,000.).' This legatee predeceased testatrix, leaving three children. It is the contention of the appellee that the legacy elapsed and became a part of the residuum of the estate while the appellants maintain the contrary view.

" 'We are constrained to hold that the position of the former is correct. Under the law we have quoted the gift to the testatrix' son would have passed to his children, in the circumstances of his death prior to that of the testatrix, without the inclusion of the words 'if he survive me' and it seems to us that that phraseology was not mere surplusage, but was used by the testatrix to impose a condition upon the vesting of the legacy. Kunkel v. Kunkel, 267 Pa. 163, 110 A. 73, 92 A.L.R. 857. See also Jarman on Wills, 6th Ed. Vol. 1, pg. 448.' "

Charles W. Dodge having died before Mrs. Barrett died, it follows the legacy should be returned to the residuary estate.

The final decree of the County Judge dated January 6, 1947, is reversed as to his construction of Article Eleven of the will of Mary Elizabeth Barrett, deceased, and he is directed not to proceed in this cause inconsistent with this opinion."

In addition to what was said by the Circuit Judges, we may say that it appears to have been the intent of the testator to vest a remainder in Harger Wells Dodge only in pursuance to two contingencies (1) in the event that testatrix predeceased Charles W. Dodge and (2) that thereafter Charles W. Dodge predeceased Harger Wells Dodge. In other words, it was the intent of the testatrix that the remainder should vest in Harger Wells Dodge, if testatrix should predecease both Charles and Harger and if Charles should thereafter predecease Harger. These contingencies did not occur, and so the property involved in Item Eleven of the will passed under the residuary bequest which was Article Eighteen (18) of the will.

The judgment of the Circuit Court is affirmed.

So ordered.

THOMAS, C.J., ADAMS and BARNS, JJ., concur.