114 So.2d 473 (1959)
George B. DRAFTS, James F. Drafts, George S. Drafts, Jr., Alma Derrick, Daniel Drafts, Jefferson Drafts, Mrs. Aquilla Shealy, Hampton Drafts, alias C. Hampton Drafts, Annie Lee Shull, Julia Feibrick, Clyde Drafts, Mary Carol Drafts, alias Mary Carolyn Drafts, a minor, Rebecca Lynne Drafts, a minor, Lewin Drafts, Alias Lewin P. Drafts, Cecil Drafts, A.F. Drafts, H.D. Drafts and Margaret Kyzer, Appellants,
v.
R.T. DRAFTS, as Ancillary Administrator c.t.a. of the Estate of Alma C. Dreher, Deceased, Appellee.
No. A-314.
District Court of Appeal of Florida. First District.
September 22, 1959.
Savage & Mills, Ocala, for appellants.
James M. Smith, Jr., Ocala, for appellee.
CARROLL, DONALD, Judge.
This appeal is from a declaratory decree construing the provisions of a will. There being no dispute as to the facts, no evidence was taken. The case was submitted to the *474 chancellor for decision on the issues of law made by the complaint and answer.
The testatrix had seven brothers and sisters, three of whom died leaving lineal descendants prior to the execution of the will, and two of whom died leaving lineal descendants after the will was executed but prior to testatrix's death. The will itself is simple and uncomplicated. After making a specific bequest to two of testatrix's nephews, it concluded with the following provision:
"I will, devise and bequeath all the residue of my property, both real and personal, to my brothers and sisters, share and share alike."
The question presented for the chancellor's decision was two-fold. First, were the lineal descendants of the three brothers who died prior to the execution of the will entitled to take as members of the class under the quoted residuary clause of the will? Second, were the lineal descendants of the brother and sister who died after the execution of the will, but prior to testatrix's death, entitled to take as members of the class under the residuary clause of the will? In resolving these issues the chancellor answered both questions in the negative, and decreed that only the brother and sister who survived the testatrix were entitled to share the residuary estate.
Under the common law a testamentary gift is void if made to one who was deceased at the time the will was executed. Redfearn on Wills and Administration of Estates in Florida, (3rd Ed.) Vol. 1, Section 149; 57 Am.Jur. 954, Section 1424; In re Hutton's Estate, 106 Wash. 578, 180 P. 882, 3 A.L.R. 1673. It is also a settled common law principle that a testamentary gift lapses if made to one who dies after the execution of the will but before the death of the testator, or before the time for the estate to vest. Redfearn on Wills and Administration of Estates in Florida, (3rd Ed.) Vol. 1, Section 149; Williams v. Williams, 152 Fla. 255, 9 So.2d 798; Williams v. Williams, 149 Fla. 454, 6 So.2d 275; Sorrells v. McNally, 89 Fla. 457, 105 So. 106; 57 Am.Jur. 957, Section 1426. The above-stated principles are applicable unless a contrary intention appears from the provisions of the will. It is further provided at common law that if the testamentary gift is to a class, and a member of the class dies before the death of the testator or before the time fixed for the vesting of the estate, his interest goes to the surviving members of the class unless the testator has expressed a contrary intention in his will. Dean v. Crews, 77 Fla. 319, 81 So. 479; Redfearn on Wills and Administration of Estates in Florida, (3rd Ed.) Vol. 1, Section 157.
In the will now under consideration the testamentary gift of the residuary estate, being to the brothers and sisters of the testatrix, was a class gift within the meaning of the applicable law. There are no provisions in the will which could be construed to indicate an intention on the part of the testatrix that her estate should be shared by anyone other than those entitled to take under the applicable provisions of law.
Under the common law, which is in force and effect in Florida unless otherwise changed by statute, it clearly appears that the lineal descendants of the brothers and sisters who predeceased the testatrix are not entitled to share in the residuary estate under the terms and provisions of the will in question.
The common law relating to lapsed or void legacies or devises has been modified by statute in this state (Section 731.20, Florida Statutes, F.S.A.) as follows:
"(1) If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to such devisee or legatee lapses, unless an intention appears from the will to substitute another in his place; but, when any property is devised or bequeathed to an adopted child or blood kindred of the testator, and when such devisee or *475 legatee dies before the testator, leaving lineal descendants, or is dead at the time the will is executed, leaving lineal descendants who survive the testator, such legacy or devise does not lapse, but such descendants take the property so given by the will in the same manner as the devisee or legatee would have done had he survived the testator."
Unquestionably the foregoing statute applies to testamentary gifts made to named beneficiaries. However in the will now under consideration the brothers and sisters of testatrix were not named therein, but were designated as a class. Our decision must therefore necessarily turn on the question of whether the foregoing statute applies to testamentary gifts made to a class as well as gifts made to named beneficiaries. This question has not been squarely presented to, or passed upon by, our Supreme Court, so we must look to decisions of other jurisdictions as a guide in reaching our conclusion.
Non-lapse statutes such as the one now in effect in Florida have been adopted by most states of this country. A majority of the states have held that a non-lapse statute does not apply to a member of a class who was dead at the time of the execution of the will. Such holding is based upon the common-law principle that a gift to any beneficiary who is dead at the time the will is executed is void, and no question of lapse arises. On the other hand, a majority of the states hold that non-lapse statutes will apply to members of a class who die after the execution of the will, but prior to the death of the testator, or the date on which the estate vests in the class. Such holding is justified on the premise that a lapse of a testamentary gift is thereby prevented, and the gift will pass to those whom the testator would most likely have wished to be substituted for the deceased member of the class. The states which hold to a contrary view justify their position on the basis that a gift to members of a class cannot lapse so long as any member of the class survives the testator, which rule is followed in this jurisdiction. Redfearn on Wills and Administration of Estates in Florida, (3rd Ed.) Vol. 1, Section 157; Arnold v. Wells, 100 Fla. 1470, 131 So. 400. These decisions further reason that there is no more logic in assuming that the testator intended for lineal descendants of deceased members of a class to share in his estate than it is to assume the contrary.
In view of the difference which has arisen in the several jurisdictions of this country as to whether a non-lapse statute such as the one now under consideration should be applied to class gifts as well as to gifts made to named beneficiaries, five states have adopted non-lapse statutes which by clear and unmistakable terms apply to gifts made to a class. Florida has not yet seen fit to adopt such a statute. The decisions on this subject have been collected and reported in 56 A.L.R.2d 948.
We acknowledge the settled rule in this jurisdiction that statutes which are in derogation of the common law must be strictly construed. But even strictly construing the antilapse statute quoted above, it seems to us clear that the legislature intended that statute to be applied to class gifts where the class consists of blood relatives, at least to the members of such class who were living at the time of the execution of the will. It will be noted that the quoted statute provides that the antilapse provisions will apply "when any property is devised or bequeathed to an adopted child or blood kindred of the testator". (Emphasis supplied.) It appears clear that when the Florida Legislature enacted this law it manifested its intention that the antilapse provisions should be applied to that class of persons comprising "blood kindred" or, to use a synonomous expression "blood relatives". In the present appeal the testatrix devised and bequeathed the residue of her property to "my brothers and sisters" and these brothers and sisters were certainly *476 blood relatives or, to use the statutory words, "Blood kindred".
This conclusion is consonant with the rule prevailing in the majority of jurisdictions as set forth in an annotation entitled "Applicability of Anti-lapse Statutes to Class Gifts", wherein the annotator states on page 950 of 56 A.L.R.2d:
"In a majority of the jurisdictions where the courts have considered the question it has been held that antilapse statutes are, in the absence of language indicating a contrary intention on the testator's part, applicable to a gift to a class so as to preserve a share of the gift in favor of heirs or descendants of persons falling within the class description and alive at the date of execution of the will, but predeceasing the testator."
The statutes in most jurisdictions do not appear to include such language as "blood kindred", which language seems to us as clearly establishing the intent of the legislature to embrace gifts to classes composed of blood relatives. Our conclusion, therefore, is that the Florida antilapse statute applies to gifts to a class composed of blood relatives, such as brothers and sisters, as here, as to such relatives who are living at the time of the execution of the will.
A more difficult question is whether the statute should be applied as to the brothers and sisters who were deceased at the time of the execution of the will. It will be remembered that at common law a gift to one already deceased was void, and hence no question of lapse was presented. The antilapse statute being directly in derogation of this principle of the common law, the statute must be strictly construed. The intention of the testator as expressed in the testamentary instrument is always the polestar in the interpretation of the will. In the instant appeal the testatrix devised and bequeathed the residue of her property "to my brothers and sisters". There is nothing in her will to indicate that the testatrix wanted to provide for her then deceased brothers and sisters or their lineal descendants. We think it would be more logical construction to hold that when a testator provides for his brothers and sisters, he normally intends to include only his living brothers and sisters, unless elsewhere in his will he indicates that he intends to include already deceased brothers and sisters or their descendants. We therefore align ourselves with the courts which have held that antilapse statutes do not apply in favor of members of a class who die before the execution of the will in question, unless the testator in his will expresses an intention that such members should be included.
For the foregoing reasons we hold that the chancellor was correct in decreeing that the lineal descendants of the testatrix's brothers and sisters who were deceased at the time of the execution of her will were not members of the class described in the residuary clause of the will and were therefore not entitled to share in that estate; but was in error in decreeing that the lineal descendants of the testatrix's brothers and sisters who predeceased her after she executed her will were not members of the class described in the residuary clause and therefore not entitled to share in that estate. The decree appealed from is therefore affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with the views herein.
STURGIS, J., concurs.
WIGGINTON, Chief Judge, concurring in part and dissenting in part.
WIGGINTON, Chief Judge (concurring in part and dissenting in part).
I am in thorough accord with that part of the majority opinion which holds that the non-lapse statute in effect in Florida is not applicable to the lineal descendants *477 of the members of a class who die before the execution of a will. I must respectfully dissent, however, from that part of the opinion which holds that the statute is applicable to the lineal descendants of those members of a class who die after the will is executed, but before the death of the testator.
The majority opinion agrees that the bequest contained in the will now under consideration which reads "to my brothers and sisters, share and share alike", is a class gift. Non-lapse statutes are enacted for the sole purpose of preventing the lapse of testamentary gifts. It is universally recognized that a gift to a class is legally incapable of lapsing so long as any member of the class survives the testator's death.[1] It is for this reason that non-lapse statutes have been held not to apply to class gifts unless made so by clear and unambiguous language.[2]
It is manifest from no more than a cursory examination of our statute that it is not expressly made applicable to beneficiaries as a class. In fact, an objective interpretation of the statute impels the conclusion that it was never intended to apply to class gifts. I am convinced that by use of the language "when any property is devised * * * to an adopted child or blood kindred of the testator, and when such devisee or legatee dies before the testator * * *" the legislature intended by the use of the singular noun to make the non-lapse provision of the statute applicable only to named individuals as devisees and legatees, and not to beneficiaries as a class.
A will is ambulatory in character and subject to change at any time. I cannot bring myself to hold that an average testator of reasonable intelligence would not be justified in assuming that a brother or sister who predeceases him would no longer be considered a brother or sister at the time of testator's death.[3] Knowing of the death of his brother or sister, a testator is free to amend his will to include such lineal descendants of the deceased brother or sister as he may care to share in his estate. Failure to do so should be construed as evidencing a testamentary intent to confine class gifts to those members of the class who might survive the testator.
It is settled in this jurisdiction that statutes which are in derogation of the common law must be strictly construed. The majority opinion acknowledges that at common law if the testamentary gift is to a class, and a member of the class dies before the death of the testator, his interest goes to the surviving members of the class absent a contrary intention expressed in the will. I am of the opinion that those states which refuse to apply non-lapse statutes to class gifts are supported by the greater force of logic and reason. To hold that the non-lapse statute in effect in this state applies to class gifts would require that we read into the statute language which cannot be found therein. To do this would constitute judicial legislation of the rankest sort, a practice in which I am not willing to indulge. If the common law is to be modified, it must be accomplished by a statute containing language which clearly and unmistakably evidences a legislative intent to do so. Had the legislature intended that our non-lapse statute apply to class gifts, such intention could easily have been effectuated by inserting in the statute one or two additional words which would have eliminated any doubt as to its purpose and meaning. Although the conflict in decisions of other courts on this subject has been extant over a long period of time, the legislature of Florida has never seen fit to do as other states have done by adopting a non-lapse statute applying specifically to class gifts.
For the foregoing reasons I would hold that the Chancellor was correct in decreeing *478 that the lineal descendants of the testatrix's brothers and sisters who predeceased her were not members of the class described in the residuary clause of the will, and are therefore not entitled to share in that estate. The decree appealed from should be affirmed.
NOTES
[1] 57 Am.Jur. Wills, 957 Sec. 1426.
[2] See 56 A.L.R.2d 948.
[3] Johns v. Citizens & Southern Nat. Bank, 206 Ga. 313, 57 S.E.2d 182.