WALDEN, Judge.
This is a will construction case.
The residuary clause of the will provided :
“To the First National Bank at Orlando, Orlando, Florida, in Trust, Nevertheless, for the benefit, care, comfort, maintenance and education of the heirs of the body of my said nephew, MILES LLOYD MINOR, who are:
1. Patricia Minor
2. Beverly Minor
3. Danny Minor
4. Heidy Minor”
Was this a testamentary disposition to individuals or was it to a class? Upon appropriate presentation, the trial court *860 determined that it was to a class. We affirm.
The will was executed in 1964, • and never changed. In 1965, an additional child, Paul Minor, was born to the testator’s nephew, Miles Lloyd Minor. The testator died in 1966, survived by the four above named children and Paul Minor.
If this is a class gift Paul Minor shares equally in the trust with his brothers and sisters. If it is a gift to individuals he is barred.
The terms are somewhat in conflict. On one hand, they contain descriptive words which suggest an intention to favor a class — on the other hand, the act of specifically naming the children is indicative of an intention to limit to those individuals. Thus, there is room to argue, one way and the other.
The cases generously briefed for us by counsel are all distinguishable upon the facts or testamentary language, and our independent efforts have not uncovered a dispositive or controlling authority.
Thus, we somewhat baldly, having only the words of the will before us, reach out for the testator’s intention, such being the pole star of will construction efforts.[1]
A close scrutiny of the testator’s language makes us think and inductively conclude that the words, “for the benefit, care, comfort, maintenance and education of the heirs of the body of my said nephew,” are not words of mere description to be applied in connection with the persons specifically named. Thus, these words control and dictate a disposition to a class. In the absence of any reason of record to exclude any unborn child and thereby benefit only a portion of the nephew’s heirs, we feel that it is more likely that the testator had in mind to apply the precatory words dealing with care, maintenance and education to all of the heirs of the body of the nephew as a class and thus to include unborn children. In other words, there is no criteria or basis for believing that the testator intended to discriminate against the after born child.
In light of our view, the presumption of correctness that attends the trial court de- *861 cisión, and the failure of appellant to demonstrate error, the order here appealed is
Affirmed.
REED and OWEN, JJ., concur.

. Roberts v. Mosely, Fla.1930, 100 Fla. 267, 129 So. 835; Husson v. Bensel, Fla.1936, 124 Fla. 304, 168 So. 395; In re Barrett’s Estate, Fla.1948, 159 Fla. 901, 33 So.2d 159; In re Roulston’s Estate, Fla.App.1962, 142 So.2d 107.
“The class gift question is commonly said to be one of the intention of the testator or trustor. The intention will of course control if it can be discovered, but in many cases it is by no means evident that the testator had any intention regarding it.
“In Roberts v. Trustees of Trust Fund (1950) 96 N.H. 223, 73 A.2d 119, the court stated that in will oases it is frequently said that the intention of the testator is the sovereign guide in matters of interpretation, and the court observed that ‘no one disputes the truth of this beguiling and sonorous statement,’ but, the court said, candor compels the admission that the principle is of doubtful utility in determining intent where none is present, and if the testqtor himself did not think about the particular matter it is difficult to say that he had any intent with respect to it, and in consequence ‘the court is looking for a black hat in a dark room,’ and if the court locates it there at all ‘it will be on its own head and not because of any light left by the last will and testament.’
“In the majority of cases, the class gift question is determined by the manner in which the beneficiaries are designated, that is, whether named, or numbered, or named and numbered, or in some other manner individualized, or, on the other hand, designated merely in general terms, as by relationship to the testator or trustor, or some other person. Whatever the manner of designation the courts are of course quick to seize upon any indications of the true intent appearing from the instrument and circumstances, and the rulings sometimes proceed upon comparatively slender grounds of differentiation. The ultimate question, theoretically at least, is whether the testator or trustor was thinking simply of particular persons in esse at the date of the instrument as the takers of the property, or on the contrary conceived the takers as those comprising an indicated group surviving at a future time.” 61 A.L.R.2d 222.