OTT, Judge.
We consider here whether the Florida Anti-Lapse Statute (§ 732.603, Fla.Stat.) applies to a testamentary gift to a stepdaughter. Concluding that it does not, we reverse an order based on a contrary view.
The will of the decedent named her stepdaughter as residuary beneficiary. The stepdaughter predeceased the testatrix. The stepdaughter left two daughters as her only heirs at law. The trial court entered an order naming these two daughters as beneficiaries of the residue of the estate in preference to appellant, a half brother and only heir-at-law of the testatrix.
When a legatee under a will predeceases the benefactor, the gift lapses. Drafts v. Drafts, 114 So.2d 473 (Fla. 1st DCA 1959). But if the predeceased legatee is a grandparent, or a direct lineal descendant of a grandparent of the testatrix, then the descendants of the legatee take the gift. § 732.603, Fla.Stat.
Obviously, a stepdaughter is not a descendant of her stepparent, and therefore the statute cannot save the gift to her from lapsing. Appellant is entitled to the gift and the trial court should have so ordered.
Appellee purports to find support for the order in Section 732.611, Florida Statutes, but that statute merely directs how heirs will share property passing to them under a will. We see no connection between its purview and the issue presented here.
The order is reversed, and the case is remanded to the court below with instructions to enter an order naming appellant as beneficiary of the property bequeathed to decedent’s stepdaughter.
BOARDMAN, Acting C. J., and RYDER, J., concur.