ROTHENBERG, J.
 

 We reverse an order construing the will of Cecilia Lorenzo (“the Testator”). The Testator passed away on October 20, 2008, with an estate consisting of a parcel of residential property in Hialeah. In 2009, the Testator’s will was admitted to probate. The Testator’s will provided for a bequest of the entire estate as follows:
 

 [T]o my brother, JOSE R. MEDINA and to my brother in law, JESUS LORENZO, in equal shares. If either of them do not survive me, the share of the deceased shall be given to their surviving spouse, JUANA R. MEDINA or MARIA LORENZO respectively.
 

 Without question, the operation of the will provides for a minimum fifty percent share of the Testator’s estate to the Testator’s brother-in-law, Jesus Lorenzo (“the brother-in-law”), who survived the Testator. The issue in this appeal is who is entitled to the remaining fifty percent of the Testator’s estate since the intended recipients, the Testator’s brother, Jose R. Medina, and his wife, Juana R. Medina, both predeceased the Testator. The trial court’s order awarded this disputed portion of the Testator’s bequest to the appel-lees, Isabel Medina and Jose Antonio Medina (“the niece and nephew”), who are the surviving children of Jose R. Medina and Juana R. Medina.
 

 In December 2009, the brother-in-law filed a petition for construction of the Testator’s will, arguing that the bequest to the two deceased relatives, Jose and Juana R. Medina, lapsed, and therefore, he was entitled to an undivided interest in the property. The niece and nephew argued that pursuant to section 732.603(1), Florida Statutes (2008), the anti-lapse statute, they were entitled to a fifty percent share of the property. The trial court issued the instant order finding that the niece and nephew were entitled to a fifty percent share, and the brother-in-law was entitled to a fifty percent share. The brother-in-law’s appeal followed.
 

 
 *929
 
 As a matter of common law, when a will provides for a bequest to a person who predeceases the testator, the gift lapses.
 
 Tubbs v. Teeple,
 
 388 So.2d 239, 239 (Fla. 2d DCA 1980) (“When a legatee under a will predeceases the benefactor, the gift lapses.”). The potentially harsh effects of this common law rule are ameliorated to an extent by the operation of statute. When the predeceased devisee is a descendant of the testator’s grandparents, section 732.603 will “save” the lapsed gift by creating a substitute gift in the devisee’s descendants. § 732.603(1). Because section 732.603 is in derogation of the common law, we must strictly construe its provisions.
 
 Drafts v. Drafts,
 
 114 So.2d 473, 476 (Fla. 1st DCA 1959) (“The antilapse statute being directly in derogation of ... the common law, the statute must be strictly construed.”).
 

 In this case, the operation of the Testator’s will prevents any recovery by the niece and nephew. At the moment of the Testator’s death, her will provided for a bequest of fifty percent of the Testator’s estate to Jose R. Medina. Jose R. Medina, however, predeceased the Testator. The will also provided that in the event that Jose R. Medina predeceased the Testator, Jose R. Medina’s share would pass to his wife, Juana R. Medina. Thus, upon the death of the Testator, the named devi-see was Juana R. Medina. Juana R. Medina, however, also predeceased the Testator.
 

 Pursuant to the common law rule outlined above, the bequest lapsed. And because Juana R. Medina is not a descendant of the Testator’s grandparents, the niece and nephew cannot invoke the operation of section 732.603(1) to “save” the bequest and provide them with a substitute gift. Thus, we conclude that the niece and nephew are not entitled to the Testator’s lapsed bequest. Accordingly, we reverse the order under review.
 

 Reversed.