In the Matter of the Estate of ANNA CLAUS, Deceased.

Surrogate's Court, Montgomery County, October 16, 1934.

*Fred J. O'Donnell,* for the executor.

*William J. Crangle,* for Minard Crouse.

*Wemple, Peters & Wemple,* for Amanda Brown and others.

*John F. Bennison,* special guardian for infants.

AULISI, S. Anna Claus, a resident of the village of St. Johnsville, died on June 4, 1933, leaving a last will and testament dated March 4, 1931, which was duly admitted to probate in this court on July 31, 1933.

Construction is asked of the thirteenth and seventeenth paragraphs of said will which read as follows:

"*Thirteenth.* I give, devise and bequeath to Leonard L. Crouse of St. Johnsville, New York, the sum of One Thousand ($1000.00) dollars."

" *Seventeenth.* All the rest, residue and remainder of my personal property, I give, devise and bequeath to my living brothers and sisters, Leonard L. Crouse, Minard Crouse and Emma Kretser, to be divided equally among them, share and share alike."

Leonard L. Crouse died in December, 1932, leaving five children, all of whom survived the testatrix. Another brother of the testatrix, Edward Crouse, died several years prior to the execution of her will.

It is contended by the children of Leonard L. Crouse that the legacies in the above paragraphs bequeathed by testatrix to their father do not lapse but pass to them *per stirpes.* With that contention I am in accord.

At common law, in the absence of gift over, a devise or legacy lapsed when the devisee or legatee died before the testator. The common-law rule is still in force in this State except as modified by the statute. Section 29 of the Decedent Estate Law (as amd. by Laws of 1912, chap. 384) provides that a legacy to a child or a brother or sister of the decedent shall not lapse by reason of the death of the legatee during the lifetime of the testator, but shall pass to the descendants of such legatee.

The statute clearly was not intended as a limitation upon the right of the testator to give his property to whomsoever he might choose; it was merely intended to vest the property of the testator at his death in the children or descendants of the predeceased beneficiaries standing in certain relationship to the testator. Where the testator was providing for his immediate family — his brothers and sisters — or his descendants, the Legislature presumed, in the absence of other provision, that the testator intended the gift to remain in the family of the brother or sister or his own descendants, and to this extent only is the common law limited. (*Matter of Neydorff*, 193 App. Div. 531.)

In the case at bar one of the surviving residuary legatees contends that the testatrix by using the word " living " intended that only those brothers and sisters who survived her should share in the residue. The intention of the testator in disposing of his residuary estate is to be ascertained not by what occurred long after the execution of his will, but by what was, apparently, or presumably, in his contemplation at the time he was making it. A testator is presumed to speak as of the time of executing his will and to base his calculations upon his dispositions taking effect. (*Matter of Hoffman*, 201 N. Y. 247, 255.)

I am of the opinion that testatrix, knowing at the time of the execution of her will that one of her brothers was dead, used the word " living " solely for the purpose of describing the brothers and sisters who were to take the residue. There is nothing here to

indicate that the testatrix intended that the issue of her deceased brothers and sisters should not take in the event of death of any of them before her, and such being the case the statute should control. (*Matter of Steimes,* 150 Misc. 279; *Matter of Mott,* 137 id. 99.)

I, therefore, hold and decide that the legacies to Leonard L. Crouse in paragraphs thirteenth and seventeenth do not lapse and that the descendants of the said Leonard L. Crouse participate in the distribution under the provisions of section 29 of the Decedent Estate Law.

A decree may be entered accordingly on notice.