In the Matter of the Estate of THOMAS S. FITZPATRICK, Deceased. RAYMOND S. FITZPATRICK et al., Appellants; PETER N. McCRANK et al., as Executors of THOMAS S. FITZPATRICK, Deceased, Respondents.— GIBSON, P. J. By his will, decedent gave to his sister and brothers, naming them, "equal shares of remaining assets as my survivors." The sister survived testator but the brothers predeceased him, leaving children who claim their fathers' supposed shares by virtue of section 29 of the Decedent Estate Law. Absent the words of survivorship, it would have to be held that the gift was not to a class and that the shares of the predeceased legatees would, under section 29, pass to their descendants. (See Matter of King, 200 N. Y. 189, 193.) However, neither the will nor any proof extrinsic to it suggests any basis or reason whatsoever for the radical and seldom invoked procedure of excision, so as to eliminate the words "as my survivors", however awkward and unclear the phrase may be. Giving the language effect then, as we must, the provision making a gift of the residuary estate to the sister and brothers "as my survivors" seems to us the equivalent of a gift thereof to the siblings or the survivors or survivor of them. By imposing survivorship as a condition of the gift, the testator could, and in our view did, limit the class of beneficiaries to those living at his death and thereby excluded substitution pursuant to section 29. (Matter of Loeb, 34 N. Y. S. 2d 65, 67 [FOLEY, S.]; 2 Davids,

New York Law of Wills, § 994.) Decree affirmed, with costs to parties filing briefs, payable from the estate. Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.