William J. Regan, S.
A decree of this court admitted the will of the above decedent to probate but reserved to a later date the court’s decision concerning a question of construction raised by the special guardian. Paragraph Third of the will reads as follows: “In the event, however, that my husband should predecease me, I give, devise and bequeath all the rest, residue and remainder of my property, both real and personal, to my children and direct that the same be divided equally among all of my children. It is my intention that if there should be any children born after the date of this will that such children should share equally with the rest of my children,”
*598 Elizabeth Geiib had two sons when her will was executed, Edwin A. and Arthur, Jr. Her husband predeceased her, as did her son, Arthur, Jr. Arthur, Jr., left one daughter, Gretchen Lally, now 19 years of age. It is on behalf of this granddaughter of the decedent that the special guardian has contended that the residuary of the estate, testatrix’ husband having predeceased her, should be distributed equally between Edwin, the surviving son, and Gretchen Lally, granddaughter, child of the predeceased son, Arthur. The special guardian relies upon section 29 of the Decedent Estate Law: “ Whenever any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, or to a brother or sister of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate.” At common law a legacy or devise lapsed when the beneficiary predeceased the testator, but this section preserved such gift to those with the specified relationship to the testator. The courts have always stated that this section should be interpreted so as to benefit lineal descendants of a devisee. (Matter of O’Neil, 174 Misc. 213; Matter of Jerge, 180 Misc. 268,)
The position of the .surviving son, however, is to the effect that section 29 of the Decedent Estate Law does not apply where the legacy may be considered a gift to a class.
Class gift is defined in Davids, New York Law of Wills (vol. 2, p. 1086) as follows: “ The authorities are agreed that the gift is one to a class where the will designates the takers as the children, issue or descendants of a particular individual, and there is no mention of their names or number, or the time when they are ascertained. * * # [Tucker v. Bishop, 16 N. Y. 404; Seligman v. Seligman, 89 Misc. 194; Jenkins v. Fryer, 4 Paige 47.] And in truth, a designation of the takers only by a word denoting kinship — ‘ children,’ 1 grandchildren,’ etc.— seems always to have been considered sufficient to establish that the gift is one to a class, there being nothing to indicate an intention to the contrary, [Matter of Seebeck, 63 Hun 179.] ” Two of the leading cases in this State on this subject are Matter of Schaufele (252 N. Y. 65) and Matter of Villalonga (6 N Y 2d 477). Both of these cases hold that the word children ” does not include “ grandchildren ” unless the will shows an ummñsiakable intent to that effect.
*599 It is true that there have been cases where the word “ children ” has been held to include grandchildren but there we find distinguishing language. There must be some basis for ascertaining the intent of the testator to be contrary to the precedent established by the foregoing eases. Here there is none. The third paragraph in question must be construed as a class gift. The facts that there were, first the contingency of the husband’s prior decease, then the reference to possible unborn children, indicate that the exact number of persons who might be available to share was uncertain to testatrix and, as a matter of fact, the class (children) was not ascertainable until her death, possibly to be enlarged or decreased.
Much has been written in a contrary vein: The dissent in the Villalonga case (supra), Matter of McNeil (18 A D 2d 170), and the often-quoted expression, “ Children as well as issue, may stand, in a collective sense for grandchildren, when the justice or reason of the case requires it.” (4 Kent, Commentaries [14th ed.] 419; Provitt v. Rodman, 37 N. Y. 41.)
This court is frank to admit that this is a troublesome area and simple wills may often not express a testator’s intent when the impact of class gifts upon section 29 of the Decedent Estate Law is not considered.
We cannot reasonably impute to the testatrix an intent to include grandchildren without some indication of such intent specifically in the will. Kales of construction forbid it and where there is no ambiguity no construction should be forced by virtue of equitable considerations. ‘ ‘ The fact that the disposition made in the will may not be in complete accord with individual notions of equitable distribution is not sufficient to warrant the interference of the courts. It is well-settled that ‘ Language should not be strained nor words given an unusual meaning, in order to work out a result favorable to the issue of a deceased child. * * # ’ (Matter of Truslow, 140 N. Y. 599, 605).” (Matter of Villalonga, 6 N Y 2d 477, 484, supra.)
The court holds that the bequest in the instant case relates to a class gift and that the sole survivor of the class, Edwin A. Herb, is entitled to the entire residuary estate.