W. Vincent Grady, S.
A petition for probate of the last will and testament -of the above-named decedent has been filed with this court by Helen Crookston and Ida V. Van Wyck, executrices named in said instrument. A citation was served on Marion Andreivs and Donia Young, children of Josephine Van Wagner, a predeceased sister of decedent and one of the residuary beneficiaries. Marion Andrews and Donia L. Young appeared by their attorneys Van De Water & Van De Water, of Poughkeepsie, New York, praying that the court construe the provisions of the aforesaid will on the probate proceeding and it was so ordered.
The clause of said will Avhich requires' construction is paragraph numbered “ second ” Avhich provides: “ All the rest, *34 residue and remainder of my property, both real and personal, of whatever nature and wheresoever situate, I give, devise and bequeath unto my sister Josephine Van Wagner, my niece Helen Crookston and my friend Ida V. Van Wyck, to be divided equally between them, share and share alike, or to the survivor or survivors thereof.”
By the terms “or to the survivor or survivors thereof”, did the testator intend the survivor or survivors of them, or, did he intend that the share of the one or ones predeceasing him should go to the ‘ ‘ survivor or survivors of that person or persons!” This is a very interesting question especially when testator used a different language in designating the two executrices, when he specifically stated, “ or the survivor of them ”, in paragraph designated “ lastly ”.
Josephine Van Wagner, a sister of decedent, died approximately seven years after the will was executed and about one year prior to the death of her brother. She was survived by two daughters, Marion Andrews and Donia L. Young.
There is an apparent ambiguity in the use of the word, “thereof”, in paragraph “second”, and it is necessary to determine testator’s intent from the whole will. There is no lapse which would bring it within the provisions of section 29 of the Decedent Estate Law, because he covered the contingency of death of one or more beneficiaries.
After reading the whole will it is clearly apparent to the court that testator intended to benefit his family when he named his sister for one third of the residue, a niece for one third and the remaining one third to his friend. It follows that he intended that the children of his predeceased sister should take her share, and the court so construes said residuary clause.