William J. Regan, S.
In this judicial settlement a construction was prayed for concerning paragraphs eighth and ninth of the will. Paul Niegsch died September 8, 1927, his will creating a trust for the benefit and during the lives of his two daughters, Mary Binner and Bertha Niegsch. In accordance with its terms the trust was terminated as to one half of the principal upon the prior death of Bertha Niegsch. Mary Binner died on June 29, 1967 and we are now concerned with the distribution of the remaining half of the principal of said trust.
The terms of the trust provided that the remainder be paid to the life beneficiaries so long.as they both shall live. “ ninth : When the said trust shall terminate, either wholly or in part, I direct my said trustee to pay over the corpus of the fund * * # in equal shares to my son, Frank Niegsch, and my daughter, Anna Eberle, and in event of the death of either prior to such time then and in that event I give and bequeath to the children of such as shall have died in equal shares the share which the parent would have taken if living ”.
Anna Eberle died in 1952. She had three children, James F. Eberle, Charles J. Eberle and Paul J. Eberle, all of whom still live. There is no question as to the distribution of that portion which was left to Anna Eberle.
*102 Grace Niegsch Sax died in 1953 and left a son, Richard Sax, who is still living.
Bertha Niegsch Daroshefski died July 12, 1963 leaving three children who are still living, Francis M. Riso, Paula Eastman and Leon Daroshefski.
Frank Niegsch died June 30, 1959.
The question before the court is whether the child of Grace and the children of Bertha Daroshefski, all being the grandchildren of Frank Niegsch, should join Joseph Niegsch, surviving child of Frank Niegsch, in receiving any share of the remainder.
In Matter of Geib (46 Misc 2d 597) this court stated, on June 1, 1965, that the words, “my children” could not be construed to include grandchildren. The basis for this decision was the then existing section 29 of the Decedent Estate Law, which at that time did not apply where the legacy might be considered a gift to a class. This court held that in the Geib case there was a class gift to children and for this reason could not enlarge it to include grandchildren without some expression of testator’s intention in the will. This court also stated (p. 599), “ This court is frank to admit that this is a troublesome area and simple wills may often not express a testator’s intent when the impact of class gifts upon section 29 of the Decedent Estate Law is not considered.”
Effective September 1, 1967 and derived from section 29 of the Decedent Estate Law is EPTL 3-3.3 which states:
“ (a) Unless the will provides otherwise:
“ (1) Whenever a testamentary disposition is made to the issue or to a brother or sister of the testator, and such beneficiary dies during the lifetime of the testator leaving issue surviving such testator, such disposition does not lapse but vests in such surviving issue, per stirpes.
“ (2) The provisions of subparagraph (1) apply to a disposition made to issue, brothers or sisters as a class as if the disposition were made to the beneficiaries by their individual names”; and in the Reviser’s Notes it is stated: “2. Sub-paragraph (a) (2) is designed to overcome the rule in this state that the anti-lapse statute does not apply to class gifts [see, Matter of La Prejato, 1956, 3 Misc. 2d 936 * * * in re Stebbins-Vallols, 1950, 99 N. Y. S. 2d 402; In re Clavin, 1953, 120 N. Y. S. 2d 659; In re Geib, N. Y. L. J., 7/23/65 (Surr. Ct., Erie County)].”
. It has been stated that had the testator left this trust for the life of Mary and remainder to Frank and Anna as remaindermen, then there would be no question of an indefeasible *103 vesting and EPTL 3-3.3 (subd. [a], par. [1]) would apply so that the issue of each would take per stirpes. This will, however, provides for a substitutional vesting in the children of such deceased remaindermen. This appears to be in the nature of a class and EPTL 3-3.3 (subd. [a], par. [2]) would save the gift for the issue per stirpes.
There appears to be no possible reason under the circumstances of this proceeding why the testator would desire to exclude a representation by more remote descendants than his grandchildren. In this court’s opinion the purpose of the gift was to benefit the branches of the family and although the term ‘ ‘ per stirpes ’ ’ was not used, that nevertheless the ultimate remaindermen pass to the complete branches of the family.
Therefore, this court will order that the principal of the trust remaining shall be paid over one third to Joseph Niegsch, one third to Richard Sax, and one ninth each to the three children of Bertha.
Let a a decree of judicial settlement embrace this decision.