William J. Regan, S.
In this judicial settlement proceeding, the executor, John Leuer, Jr., has requested that the court construe and determine the validity, force and legal effect of paragraph "7” of the last will and testament of the above-named decedent, which paragraph provides as follows: "I give, devise and bequeath all the rest, residue and remainder of my property, both real and personal, of whatsoever kind and nature and wheresoever situate, to my executors hereinafter names, and/or to their successors, and direct that they distribute the same equally among my sisters and brothers living at the time of my death, share and share alike.”
The decedent, Florence C. Leuer, died on October 7, 1973, leaving her surviving three nephews, two nieces and one grandniece. The will of the decedent was executed on April 24, 1970. The decedent during her lifetime was one of nine children. Two brothers and two sisters died during the lifetime of the decedent without issue. A brother, William Leuer, died on October 11, 1960 (prior to the date of the execution of the will), leaving him surviving a son, William Leuer, Jr. A sister of the decedent, Mary Leuer Rodler, died on December 19, 1963 (prior to the date of the execution of the will), leaving her surviving two children, Clarence Leuer Rodler and Mildred Rodler O’Mara. Mildred Rodler O’Mara died prior to the date of the execution of the will, leaving her surviving a daughter, Patricia O’Mara Heckiert. A brother of the decedent, John Leuer, died during the lifetime of the decedent, but subsequent to the date of the execution of the will, leaving him surviving two children, Mary Leuer (Sister Jeanne Marie) and John Leuer, Jr. Finally, Julia Leuer Happ, a sister , of the decedent, died during the lifetime of the decedent and subsequent to the date of the execution of the will, leaving her surviving a daughter, Eleanor Happ Cordovano. It appears, therefore, that the above-named surviving issue of the siblings of the decedent are the intestate distributees of the decedent.
The court is requested to consider the application of EPTL 3-3.3 (anti-lapse statute). It is suggested that the residuary estate does not lapse by reason of the prior death of the named legatees. It is further suggested that EPTL 3-3.3 (subd [a], par [2]) precludes the issue of William Leuer or Mary *1089 Leuer Rodler from receiving any benefits under the will by reason of the deaths of the said William Leuer and Mary Leuer Rodler prior to the date of the execution of decedent’s will. In effect, petitioner asks the court to consider the determination that the residuary estate as provided in paragraph "7” of decedent’s will, passes to Mary Leuer (Sister Jeanne Marie), John Leuer, Jr. and Eleanor Happ Cordovano per stirpes and not per capita by reason of the anti-lapse statute of the State of New York, and cites Matter of Geib (46 Misc 2d 597) decided by this court on June 1, 1965 in support thereof. The Geib case stated what the court considered to be the law of the State of New York at the time that that decision was rendered, the applicable section then being section 29 of the Decedent Estate Law. In that case a gift of the residue was made to the children of the deceased. At the time of her death, the decedent, Elizabeth Geib, left her surviving a son, Edwin A. Geib, and a granddaughter, Gretchen Lally, who was the sole issue of Arthur Geib, Jr., a predeceased son of decedent. Elizabeth Geib’s aforesaid two sons were living at the time of the execution of her will. The court held at that time that inasmuch as the gift was one to a class, that such gift passes to the sole survivor of that class, Edwin A. Geib. As stated therein (p 599): "This court is frank to admit that this is a troublesome area and simple wills may often not express a testator’s intent when the impact of class gifts upon section 29 of the Decedent Estate Law is not considered.” It was in some measure by reason of the Geib decision that the Legislature of the State of New York saw fit to extend the anti-lapse policy by paragraph (2) of subdivision (a). EPTL 3-3.3 (subd [a], par [2]) was designed to overcome the rule that the anti-lapse statute does not apply to class gifts.
In any event, paragraph "7” of the decedent’s will prohibits the application of EPTL 3-3.3. Decedent restricted the disposition of her residuary estate to brothers ánd sisters "living at the time of my death”. Obviously, therefore, decedent by simple, formal and unambiguous language, evidenced her intent that only the survivors of the class designated by her should share in her residuary estate. To apply the anti-lapse statute in this situation would in effect distort the plain meaning of the will by eliminating therefrom a survivorship clause expressly intended by the testatrix. It is not the function of this court to search for hidden meanings when the will on its face is clear and unambiguous. This will was drawn by *1090 an expert draftsman. The court assumes that the residuary bequest was limited by a survivorship clause for the express purpose of barring the application of EPTL 3-3.3. That such was the intent of the deceased may be more clearly demonstrated by noting the various specific bequests that were made by said will for the benefit of certain named nieces and nephews. It is the conclusion of this court, therefore, that the words of limitation contained in paragraph "7” of this will effectively barred the application of EPTL 3-3.3 (formerly section 29 of the Decedent Estate Law). Accordingly, the children of brothers and sisters who predeceased the testatrix would not be entitled to their father’s or mother’s supposed share by substitution under the anti-lapse statute. (Matter of Fitzpatrick, 21 AD2d 946; Matter of Robinson, 37 Misc 2d 546.) The exception noted by the petitioner under EPTL 3-3.3 (subd [a], par [2]), as well as the decision Matter of Geib (supra), becomes academic in that neither has any application in this proceeding.
It is accordingly the decision of this court that the real and personal property of the above-named decedent passing under the residuary portion of her will, paragraph "7” thereof, be distributed as by intestacy, as follows: William Leuer, Jr., nephew, one sixth of the residuary estate; Mary Leuer (Sister Jeanne Marie), niece, one sixth of the residuary estate; John Leuer, Jr., nephew, one sixth of the residuary estate; Clarence Leuer Rodler, nephew, one sixth of the residuary estate; Patricia O’Mara Heckiert, grandniece, daughter of Mildred Rodler O’Mara, deceased, niece, one sixth of the residuary estate; and Eleanor Happ Cordovano, niece, one sixth of the residuary estate.