[No. 32894-8-I.   Division One.   December 6, 1993.]

*In the Matter of the Estate of*
LEO AUGUST REHWINKEL.

RONALD FOSSUM, *Appellant,* v. RICHARD STALLBAUM,
*as Personal Representative, Respondent.*

*Bruce R. Bell* and *Bell & Ingram, P.S.,* for appellant.

*Dennis Jordan* and *Dennis Jordan & Associates,* for respondent.

PER CURIAM. — Ronald Fossum appeals from an order of summary judgment entered in favor of the estate of Leo August Rehwinkel (hereinafter Estate). The matter has been referred to the panel for accelerated review pursuant to RAP 18.12. We affirm.

In 1968 Leo Rehwinkel executed his last will and testament. The first section of the will directs that all of Leo's expenses and legal obligations be paid from his estate. The next provision states:

II.

 I give, devise and bequeath the entire residue of my estate, both real and personal property and wherever situated, *to those of the following who are living at the time of my death,* share and share alike:

To my brother, Alex Rehwinkel . . . my sister Augusta Stallbaum . . . and my following nieces and nephews: Dorothy Schmid . . . Velma Best . . . George Hagemann . . . Helen[e] Anderson . . . Hildegard Fingerson . . . Richard Stallbaum . . . John Ervin Rehwinkel . . . Maureen Barrett . . . Betty Lou Musto . . . the issue by representation (by stirpes and not per

capita) of Rudolph Rehwinkel, and the issue by representation (by stirpes and not per capita) of Rosalie Wade.

(Italics ours.) Section 3 of the will appoints the executor; section 4 revokes all former wills and codicils.

Leo Rehwinkel died in November 1991. His niece, Helene Anderson, one of the named beneficiaries under the will, had died approximately 1 month earlier.

The will was admitted to probate. Subsequently, Fossum, Helene's son, filed a petition for an order declaring him an heir of Leo Rehwinkel. He argued that under the anti-lapse statute, RCW 11.12.110, he was entitled to the share which his mother would have received had she lived. The Estate filed a motion for summary judgment, contending that Fossum should not be declared an heir of Leo Rehwinkel. On June 1, 1993, the trial court entered an order granting the Estate's motion for summary judgment, dismissing Fossum's petition.

In reviewing an order of summary judgment, this court engages in the same inquiry as the trial court. *Hiatt v. Walker Chevrolet Co.*, 120 Wn.2d 57, 65, 837 P.2d 618 (1992). This case concerns a question of law regarding interpretation of Leo Rehwinkel's will. *See In re Estate of Lee*, 49 Wn.2d 254, 257, 299 P.2d 1066 (1956). Specifically, we are presented with a single issue regarding application of the anti-lapse statute, RCW 11.12.110, which provides in pertinent part:

> **Death of devisee or legatee before testator.** When any estate shall be devised or bequeathed to any child, grandchild, or other relative of the testator, and such devisee or legatee shall die before the testator, having lineal descendants who survive the testator, such descendants shall take the estate, real and personal, as such devisee or legatee would have done in the case he had survived the testator . . .[.]

The anti-lapse statute reflects a legislative determination that, as a matter of public policy, when a testator fails to provide for the possibility that his consanguineous beneficiary will predecease him, the lineal descendants of the beneficiary take his or her share. *In re Estate of Button*, 79 Wn.2d 849, 854, 490 P.2d 731 (1971). "This is said to be a

recognition of a natural and instinctive concern for the welfare of those in a testator's bloodline." *In re Estate of Allmond*, 10 Wn. App. 869, 871, 520 P.2d 1388, *review denied*, 84 Wn.2d 1004 (1974).

> [T]he paramount duty of the court is to give effect to the testator's intent. . . . Such intention must, if possible, be ascertained from the language of the will itself and the will must be considered in its entirety and effect must be given every part thereof.

*In re Estate of Bergau*, 103 Wn.2d 431, 435, 693 P.2d 703 (1985); *accord, In re Estate of Niehenke*, 58 Wn. App. 149, 152, 791 P.2d 562 (1990), *aff'd in part,* 117 Wn.2d 631, 818 P.2d 1324 (1991). A presumption arises in favor of the operation of the anti-lapse statute. *In re Estate of Niehenke,* 117 Wn.2d at 640. The burden of showing that the statute should not operate falls upon the party opposing it. All doubts are to be resolved in favor of the operation of the statute, which is to be liberally construed. *In re Estate of Niehenke,* 117 Wn.2d at 640; *In re Estate of Allmond, supra* at 871-72. A testator is presumed to be aware of the anti-lapse statute; further, it is presumed that the testator intended the statute to apply unless a contrary intent is shown. *In re Estate of Niehenke,* 117 Wn.2d at 640; 96 C.J.S. *Wills* § 1217(a), at 1057 (1957). The intent on the part of the testator to preclude operation of the statute must be *clearly* shown. *In re Estate of Niehenke,* 117 Wn.2d at 640. The presumption in favor of the anti-lapse statute does not apply if the testator provides for an alternative disposition. *In re Estate of Button, supra* at 854.

Fossum argues that Leo Rehwinkel's will does not clearly show an intent to preclude operation of the anti-lapse statute. Fossum argues that the trial court decision defeats the intent of the will, which distributes gifts to all "branches" of his family tree. Fossum points out that Leo bequeathed shares of the estate to both Augusta and Alex, the only sister and brother living at the time he executed the will. The will also designated gifts to his nieces and nephews who were living at the time the will was executed; they included the living issue of Augusta, Alex, and his three deceased siblings, Marie,

Anna, and John. Finally, the will left gifts to the unnamed issue of his dead niece and nephew, Rosalie and Rudolph. In this way, Fossum contends, Leo left gifts to all "branches" of his family tree. Fossum contends this scheme manifests an intent to benefit all the bloodlines of his family, an intent which is not negated by the limiting language "to those of the following who are living at the time of my death."

The Estate does not dispute the facts of the testamentary scheme. Instead, the Estate argues that the above quoted language in the will manifests the clear intent of the testator to preclude operation of the anti-lapse statute. The Estate argues that this language is a condition precedent to taking under the will: a beneficiary had to be "living at the time of" Leo's death in order to receive a gift.

■ Our primary duty is to determine the testator's intent from the will in its entirety. *In re Estate of Niehenke,* 117 Wn.2d at 639. Where the testator uses words of survivorship indicating an intention that the devisee shall take the gift only if he survives the testator, the statute does not apply. Annot., *Testator's Intention as Defeating Operation of Antilapse Statute,* 63 A.L.R.2d 1172, 1186 (1959).

We agree with the Estate that the language "to those of the following who are living at the time of my death" manifests a clear intent to preclude application of the statute. This phrase clearly provides that only those "who are living at the time of" Rehwinkel's death can take under the will. Fossum does not explain what other meaning this phrase could possibly have, nor do we perceive any.

Research discloses no Washington cases with the same survivorship language. However, our conclusion is supported by the weight of authority from other jurisdictions. In *In re Estate of Leuer,* 84 Misc. 2d 1087, 378 N.Y.S.2d 612 (1976), the language was almost identical to that of the present case. The will directed distribution "among my sisters and brothers living at the time of my death, share and share alike." The court held that where all the testator's siblings predeceased her, the gifts lapsed by virtue of this clause. The court held that this "simple, formal and unambiguous lan-

guage" evidenced the intent that only the survivors of the class should share in the estate, thereby avoiding application of the anti-lapse statute.

The court in *Shalkhauser v. Beach*, 14 Ohio Misc. 1, 2, 233 N.E.2d 527 (1968) reached the same conclusion. In that case the testator gave "[t]hirty percent (30%) equally among the following who survive me, namely [naming several relatives]." The court in *Shalkhauser* held that this language conditioned the gift on the beneficiary's surviving the testator, and that it was "obvious" the anti-lapse statute had no application in this situation. *Shalkhauser*, at 5.

These cases, then, reject operation of the anti-lapse statute where the will uses survivorship language like that in the instant case. Such language manifests the testator's intent that the named beneficiary take under the will only if he or she survives the testator. *Accord, Slattery v. Kelsch,* 734 S.W.2d 813 (Ky. Ct. App. 1987); *Day v. Brooks,* 10 Ohio Misc. 273, 224 N.E.2d 557 (1967); *In re Estate of Barrett,* 159 Fla. 901, 33 So. 2d 159 (1948); *Williams v. Williams,* 152 Fla. 255, 9 So. 2d 798 (1942); *Kunkel v. Kunkel,* 267 Pa. 163, 110 A. 73 (1920).

In arguing that the anti-lapse statute applies, Fossum relies primarily on *Detzel v. Nieberding,* 7 Ohio Misc. 262, 219 N.E.2d 327 (1966). In *Detzel* the will left a gift to the testatrix's sister "provided she be living at the time of " the testatrix's death. The court held that this language did not prevent operation of the anti-lapse statute. The court held that in order to avoid operation of the statute, the will must make an alternative disposition in the event of the death of the beneficiary. *Detzel*, at 274. In reaching this result, the court in *Detzel* rejected considerable authority to the contrary, including *Kunkel v. Kunkel, supra.*

Two later Ohio cases have declined to follow *Detzel*. In *Day v. Brooks, supra,* the court distinguished *Detzel* on the basis that it related to an individual bequest to one person and on other unspecified grounds. The court in *Shalkhauser v. Beach, supra,* soundly rejected the *Detzel* court's analysis,

calling it "clearly and completely erroneous." *Shalkhauser v. Beach, supra* at 6. Accordingly, we do not find Detzel to be persuasive authority.[1]

We conclude that the weight of authority supports the Estate's position. We hold that the language of distribution to those "who are living at the time of my death" manifests the testator's clear intent that the anti-lapse statute not apply. Accordingly, the gift to Fossum's mother lapsed when she predeceased the testator. The trial court did not err in granting the Estate's motion for summary judgment.

Affirmed.

---

[1]Fossum also cites *In re Estate of LeRoy,* 54 Misc. 2d 33, 281 N.Y.S.2d 287 (1967); *In re Estate of Claus*; 153 Misc. 206, 274 N.Y.S. 668 (1934); and *Schneller v. Schneller,* 356 Ill. 89, 190 N.E. 121 (1934). All of these cases are distinguishable on their facts.