[No. 39340-5-I.   Division One.   April 20, 1998.]

MELISSA ERLENBACH, *Respondent*, v. THE ESTATE OF
CHRISTOPHER D. THOMPSON, *Appellant*.

*Charles E. Hunter* of *Hunter Gates & Patterson*, for appellant.

*J. Bradley Meagher* of *Meagher & French*, for respondent.

GROSSE, J — When an inter vivos trust provides that upon the trustor's death property will pass to two beneficiaries, or the survivor of them, and the trustor has stricken an alternative provision that the property pass by representation (per stirpes), the survivorship language in the trust is sufficient to preclude application of the antilapse statute. The trial court's determination to the contrary is reversed.

## FACTS

Melissa Thompson died August 16, 1982. Before her death, she executed an inter vivos trust on a preprinted form designating herself as trustee and her two sons, Christopher and Melvin, as beneficiaries. The trust states in relevant parts:

> I do hereby acknowledge and declare that I hold and will hold said real property and all right, title and interest in and to said property and all furniture, fixtures and personal property situated therein IN TRUST
>
> 1. For the use and benefit of the following Two (2) persons, in equal shares, or the survivor of them/per stirpes: M.B.T.
>
> Christopher D. Thompson (son)
>
> Melvin E. Thompson (son)
>
> Upon my death, unless all the beneficiaries shall predecease me or unless we all shall die as a result of a common accident or disaster, my Successor Trustee is hereby directed forthwith to transfer said property and all right, title and interest in and to said property unto the beneficiaries absolutely and thereby terminate this trust . . . .

As indicated above, Melissa struck the phrase "per stirpes" and initialed the change.

One son, Melvin, living at the time of execution of the trust, predeceased Melissa, and upon her death, her surviv-

ing son Christopher became the Successor Trustee. In accordance with the trust, Christopher transferred the property to himself and held it without challenge from 1982 until his death in 1995. The Estate of Christopher Thompson (the Estate) was admitted to probate on November 3, 1995. Melissa Erlenbach commenced a quiet title action against the Estate, alleging that she was entitled to a one-half interest in the property by virtue of her being the daughter of Melvin, and Melissa Thompson's only lineal descendant.

Both parties moved for summary judgment. The Estate asserts that the trust conveyed the property to the survivor of the two sons, and Erlenbach argues that the antilapse statute is applicable because the trust document is ambiguous. The trial court agreed with Erlenbach, found the trust document ambiguous, and granted judgment in her favor. The Estate appeals.

## DISCUSSION

The first paragraph in Melissa Thompson's trust contains two parts. The first part establishes an inter vivos trust for her two sons, Melvin and Christopher. The second part distributes the assets of the trust to the brothers upon Melissa's death. Erlenbach contends that the distributive portion of the trust is ambiguous because the trust fails to specifically define who are the "beneficiaries" when one of the beneficiaries predeceases. Arguing that the antilapse statute applies, she contends that she is entitled to a one-half interest in the estate.[1] We disagree, however, because the only beneficiaries are Melissa's two sons, and the trust distributes the estate to the survivor of the two.

There is no question that both Melvin and Christopher Thompson were beneficiaries of the entire trust, inter vivos and dispositive. Both the inter vivos language and the disposition language are contained in the same paragraph.

---

[1] *See, e.g., In re Estate of Button*, 79 Wn.2d 849, 854, 490 P.2d 731 (1971) (holding that inter vivos trusts are subject to Washington's antilapse statute).

And there is little reason to read the term beneficiary under the dispositive portion of the trust as separate and distinct from a benefited party under the inter vivos portion of the trust. The only remaining issue, therefore, is whether Melvin's gift lapsed when he predeceased Melissa Thompson, or did Melissa provide for an alternate disposition.

■ The general rule is when a testator fails to provide for the possibility that a related beneficiary with lineal descendants will predecease the testator, the antilapse statute acts to grant the descendants a share equivalent to an amount they would have received if the beneficiary had been living at the time of the testator's death.[2] There is a presumption in favor of operation of the statute, and the party opposing its operation bears the burden of showing that it does not apply.[3] To negate the statute, language providing for an alternative disposition must be clearly shown.[4]

■ ■ We have held, however, that where "the testator uses words of survivorship indicating an intention that the devisee shall take the gift only if he survives the testator, the statute does not apply."[5] Other courts agree, holding that when the term "survivor" is used in conjunction with a gift to a group or class, the term is deemed to indicate the intention of the testator that the share of a predeceasing beneficiary goes to the remaining members of the class.[6] Melissa Thompson's trust contains survivorship language

---

[2]RCW 11.12.110.

[3]*In re Estate of Rehwinkel*, 71 Wn. App. 827, 830, 862 P.2d 639 (1993).

[4]*In re Estate of Niehenke*, 58 Wn. App. 149, 152, 791 P.2d 562 (1990), *aff'd in part*, 117 Wn.2d 631 (1991).

[5]*Rehwinkel*, 71 Wn. App. at 831 (holding that the language "to those of the following who are living at the time of my death" was sufficient to negate the antilapse statute).

[6]*See In re Estate of Kirchwehm*, 211 Ill. App. 3d 1015, 570 N.E.2d 851, 854 (1991); *North Carolina Nat'l Bank v. Apple*, 95 N.C. App. 606, 383 S.E.2d 438, 440 (1989); *Muzzall v. Lanford*, 776 S.W.2d 122, 124 (Tenn. Ct. App. 1989); *Mitchell v. Lowery*, 90 N.C. App. 177, 368 S.E.2d 7, 10-11 (1988); *Porter v. Estate of Myrick*, 522 So. 2d 99, 100 (Fla. Dist. Ct. App. 1988); *Saia v. Sain*, 73 Md. App. 322, 533 A.2d 1336, 1337-39, 1338 (1987).

establishing an alternate disposition. As a result, the anti-lapse statute is inapplicable.

Melissa's trust states that it is for the benefit of her two sons. The preprinted form provided her with the option of distributing the gift to the sons "in equal shares, or the survivor of them," meaning per capita, or "per stirpes." Per stirpes is a Latin phrase meaning by or according to stock or root; or by right of representation.[7] It allows a lineal descendant to take to the same degree as they would have taken had the beneficiaries within the chain survived the testator. For example, if a testator dies leaving her estate to her two children, A and B, and A predeceases the testator leaving two children, C and D, then one-half of the estate goes to B, and the other half is divided between C and D. In contrast, "per capita" means by head.[8] Using the same example as above, but applying a per capita standard with survivorship language, B takes the entire estate because B is the sole surviving member of the benefited class at the time of the testator's death.

Melissa Thompson's intent is clear, and that intent is contained in the unambiguous language of the trust itself. She clearly did not intend her bequest to extend beyond her two sons, unless they both predeceased her or died with her as a result of a common accident or disaster. She exhibited that intent by crossing out the phrase "per stirpes," leaving the phrase "in equal shares, or the survivor of them." By doing so, she denied representation to predeceasing beneficiaries, and limited beneficiary status to surviving members of the class. Christopher Thompson was the only surviving member of the class upon her death, and as a result, his estate prevails.

The trial court is reversed.

---

[7]*Johnson v. Huntley*, 39 Wn.2d 499, 504, 236 P.2d 776 (1951).

[8]*Huntley*, 39 Wn.2d at 504.

KENNEDY, C.J., and AGID, J., concur.