IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Estate of David Edward Williams, deceased, | ) ) ) | No. 80398-1-I |
| ROBERT JOSEPH WILLIAMS, a Washington resident; AMY RENEE PETRUCCI, a California resident; WARREN SWANSON, a Washington resident; and BEVERLY PAULSEN, | ) ) ) ) ) ) ) ) | DIVISION ONE UNPUBLISHED OPINION |
| Appellants, | ) ) | |
| v. | ) ) ) | |
| ANNA SCHEMSTAD, Personal Representative of the ESTATE OF DAVID EDWARD WILLIAMS, | ) ) ) ) ) | |
| Respondent. | ) ) | |

HAZELRIGG, J. — Acting in his capacity as personal representative for his mother's estate, David E. Williams executed a personal representative's deed after conveyance of the family home to his brother and him by her will. The personal representative deed included language in the caption that referenced joint tenancy between the brothers, but their mother's will conveyed the property to them as tenants in common. Upon David William's death, his estate initiated an action seeking declaratory relief and to quiet title to his interest in the property under the Trust and Estate Dispute Resolution Act (TEDRA)[1]. At the initial hearing on the

---

[1] Ch. 11.96A RCW.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

TEDRA petition, the trial court determined that the personal representative's deed contained a scrivener's error and reformed the deed to conform with their mother's will. Robert Williams argues the court improperly reformed the deed and that the TEDRA proceeding should have been dismissed based on insufficient evidence of the brothers' intent. We disagree and affirm.

FACTS

Marie Williams[2] died in June 2015 and left the family home to her two sons, David and Robert, in her will. Specifically, the will provided, "I give, devise and bequeath all of my property, real, personal and mixed to my children, DAVID EDWARD WILLIAMS and ROBERT JOSEPH WILLIAMS, share and share alike, per stirpes." David Williams was appointed as personal representative of Marie's estate. In July 2015, David executed a personal representative's deed which stated the following:

> GRANTOR: DAVID E. WILLIAMS, Personal Representative of the ESTATE OF MARIE C. WILLIAMS, deceased, under Whatcom County Probate No. 15-4-00322-8,
>
> GRANTEE(S) DAVID E. WILLIAMS AND ROBERT J. WILLIAMS as joint tenants with right of survivorship
> . . . .
> THE GRANTOR, DAVID E. WILLIAMS, as the duly appointed and acting personal representative of the ESTATE OF MARIE C. WILLIAMS, deceased, Whatcom County Superior Court Cause No. 15-4-00322-8, and not in Grantor's individual capacity, hereby grants and confirms to DAVID E. WILLIAMS and ROBERT J. WILLIAMS, Grantees, distrbutes the real property commonly known as 2705 Utter Street, Bellingham, Whatcom County, Washington.

---

[2] For clarity, we refer to the parties by their first names. No disrespect is intended.

David died testate on May 13, 2019. Anna Schemstad serves as David's appointed personal representative. David's will was admitted to probate in Whatcom County Superior Court. Schemstad, acting in her capacity as personal representative for David's estate (the Estate), filed a TEDRA action on behalf of the Estate seeking declaratory relief. The Estate sought a ruling to determine that, irrespective of any contrary language in the personal representative deed David had executed, the property was held by David and Robert as tenants in common. If, as the Estate asserted, David's interest was that of a tenant in common, then it was an asset of the Estate, subject to distribution under his will. As such, the Estate also sought judgment and an order quieting title in David's half interest in the property and reformation of the deed to conform with Marie's bequest. The Estate requested that this relief be granted at the initial TEDRA hearing set in August 2019.

In support of the TEDRA petition, the Estate argued that Marie had conveyed the property to Robert and David as tenants in common under her will and, as such, the conveyance vested in Robert and David immediately upon Marie's death. The Estate explained that since the purpose of the personal representative's deed was merely to paper the title which had already vested, any discrepancy between the deed and will was a mistake subject to reformation. Additionally, the Estate argued regardless of whether a mistake existed, the deed was insufficient to create a joint tenancy as a matter of law, therefore David and Robert's respective interests remained a tenancy in common.

In response, Robert argued that the personal representative's deed was a testamentary bequest by David to his brother. Robert attempted to offer testimony as to conversations he alleged that he had with David about this bequest, which the trial court refused to consider. Further, Robert asked the court to order the testimony of the attorney who had helped David prepare the personal representative's deed in order to indicate there was no mistake in the deed. However, the trial court denied this request.

The trial court concluded that, contrary to the language contained in the caption to the personal representative's deed, at the time of David's death, David and Robert held the family home as tenants in common and David's interest in the property was thereby an asset in his estate. The trial court granted the TEDRA petition, reforming the deed and quieting title to David's interest in the property in favor of the Estate. Robert timely appealed to this court.

ANALYSIS

I.      Reformation of the Personal Representative's Deed

Robert first argues that the trial court erred in reforming the personal representative's deed. Robert's primary contention is that the deed was facially valid, created a joint tenancy, and cannot be reformed absent evidence of intent from the parties to the deed.

"[R]eformation is an equitable remedy reviewed for abuse of discretion." Glepco, LLC v. Reinstra, 175 Wn. App. 545, 563, 307 P.3d 744 (2013). "A trial

court abuses its discretion if its decision rests unreasonable or untenable grounds." In re Estate of Evans, 181 Wn. App. 436, 451, 326 P.3d 755 (2014).

In Washington, the default rule is that when two or more people co-own property, it is held as tenants in common. RCW 64.28.020. A joint tenancy however, may be created through an express written agreement by the owner or owners of property. RCW 64.28.010. The statute and case law both reinforce the need for the "'four unities of time, title, interest and possession'" to all be present for a joint tenancy to be established under the law. Id.; In re Domestic P'ship of Walsh v. Reynolds, 183 Wn. App. 830, 853-54, 335 P.3d 984 (2014) (quoting Merrick v. Peterson, 25 Wn. App. 248, 258, 606 P.2d 700 (1980)). Further, our state supreme court has held that a third party cannot create a joint tenancy. Lambert v. Peoples Nat'l Bank of Wash., 89 Wn.2d 646, 650, 574 P.2d 738 (1978); In re Estate of Olson, 87 Wn.2d 855, 858-60, 557 P.2d 302 (1976).

Robert argues that his brother was able to create a valid joint tenancy while acting as the personal representative of their mother's estate, despite the fact that her will did not provide for joint tenancy between her sons. This argument is not well taken. When Marie died, her will expressly provided the following, "I give, devise and bequeath all of my property, real, personal and mixed to my children, DAVID EDWARD WILLIAMS and ROBERT JOSEPH WILLIAMS, share and share alike, per stirpes." This language established a tenancy in common between Robert and David which vested immediately by operation of law upon their mother Marie's death. See RCW 11.04.250. Robert does not dispute that Marie's will established that Robert and David were tenants in common.

Robert argues that his brother's subsequent execution of the personal representative's deed created a valid tenancy in common. We disagree. The personal representative's deed was captioned as follows:

> GRANTOR: DAVID E. WILLIAMS, Personal Representative of the ESTATE OF MARIE C. WILLIAMS, deceased, under Whatcom County Probate No. 15-4-00322-8,
>
> GRANTEE(S) DAVID E. WILLIAMS AND ROBERT J. WILLIAMS as joint tenants with right of survivorship[.]

The body of the deed then provided:

> THE GRANTOR, DAVID E. WILLIAMS, as the duly appointed and acting personal representative of the ESTATE OF MARIE C. WILLIAMS, deceased, Whatcom County Superior Court Cause No. 15-4-00322-8, and not in Grantor's individual capacity, hereby grants and confirms to DAVID E. WILLIAMS and ROBERT J. WILLIAMS, Grantees, distributes the real property commonly known as 2705 Utter Street, Bellingham, Whatcom County, Washington.

The personal representative's deed was merely an instrument to paper the title that had already legally vested by operation of law. See RCW 11.04.250.

The trial court has the equitable authority to reform the deed to correct this scrivener's error such that the personal representative's deed conforms with Marie's will. See Glepco, 175 Wn. App. at 554-55. "To establish either mutual mistake or scrivener's error, it must be shown that the parties to the instrument possessed the same intentions." Id. at 561. Here, the inquiry only goes to Marie's intentions as expressed in her will, which neither party disputes. See In re Estate of Frank, 146 Wn. App. 309, 318, 326-27, 189 P.3d 834 (2008). The will clearly intended to create a tenancy in common.

"Per stirpes" means "proportionately divided between beneficiaries according to their deceased ancestor's share." Black's Law Dictionary (11th ed.

2019). If a parent bequeaths property to two sons in equal shares and uses the phrase *per stirpes*, then each son receives the same share in the bequeathed property. If one son predeceases the parent, his share passes to his own heirs, rather than to the surviving son. See Erienbach v. Estate of Thompson, 90 Wn. App. 846, 851, 954 P.2d 350 (1998). The will language gave Robert no survivorship interest in David's share of the real estate. As such, it was proper for the trial court to exercise its equitable powers to correct the scrivener's error to bring the personal representative's deed in line with the intentions conveyed by Marie in her will.

Further, the personal representative's deed was insufficient under Washington law to create a joint tenancy between Robert and David. The primary defect is that the deed expressly states that David was acting in his capacity as personal representative of Marie William's estate, not in his individual capacity. This discrepancy supports our determination that the trial court properly concluded that a scrivener's error occurred preventing the personal representative's deed from conforming with Marie's will and that reformation was appropriate.

We agree with the respondent that regardless of scrivener's error, the trial court could properly quiet title to the property on the alternative basis that the personal representative's deed was insufficient to establish a joint tenancy, despite any discrepancies between Marie's will and the deed. A third party is legally unable to establish a joint tenancy. Lambert, 89 Wn.2d at 650. The deed specifically states "THE GRANTOR, DAVID E. WILLIAMS, as the duly appointed and acting personal representative of the ESTATE OF MARIE C. WILLIAMS, deceased,

No. 80398-1-I/8

Whatcom County Superior Court Cause No. 15-4-00322-8, and not in Grantor's individual capacity." Acting as personal representative for Marie's estate, David was in a third party capacity to the title action.

Additionally, David could not unilaterally create a joint tenancy in either his individual or personal representative capacity. RCW 64.28.010 sets out two methods by which the brothers could have become joint tenants. First, the brothers could have both conveyed the property to themselves in a separate deed, subsequent to the personal representative's deed, as joint tenants with rights of survivorship. See RCW 64.28.010. Second, Marie's will could have established that she was bequeathing the property to the bothers as joint tenants with rights of survivorship. Id. The record is clear that regardless of scrivener's error, the personal representative's deed was ineffectual under statute to create a joint tenancy between David and Robert. The trial court did not abuse its discretion in reforming the deed to conform with Marie's will.[3]

II.    Attorney Fees

The Estate requests an award of attorney fees and costs under RCW 11.96A.150 and RAP 18.1. TEDRA allows appellate courts to exercise discretion to award costs and reasonable attorneys' fees to a party to the proceedings. RCW 11.96A.150. The statute allows an award to come from another party to the proceeding or from the assets of the estate or trust involved in the proceeding. Id.

---

[3] Robert argues that the trial court erred by not dismissing the TEDRA action because the Estate failed to demonstrate David's intent when he executed the deed. Dismissal of the TEDRA petition was not required under these facts where, contrary to the assertions of appellant, evidence existed to support the critical party's intent: the will itself clearly expressed Marie's intent that her sons take title as tenants in common. Robert or David's intent is immaterial.

- 8 -

We grant the Estate's request and award attorney fees and costs on appeal, provided it complies with RAP 18.1.

Affirmed.

_____

WE CONCUR:

_____  _____
Andrus, A.C.J.